**DALE ELECTRONICS, INC.**

v.

**R. C. L. ELECTRONICS, INC.** on behalf
of itself and as representative of
others similarly situated.

Civ. A. No. 3295.

United States District Court,
D. New Hampshire.

Dec. 7, 1971.

Martin L. Gross, Sulloway, Hollis, Godfrey & Soden, Concord, N. H., Donald Zarley, Zarley, McKee & Thomte, Des Moines, Iowa, for Dale Electronics, Inc.

Frederick D. Goode, Wyman, Bean & Tefft, Manchester, N. H., B. Edward Shlesinger, Shlesinger, Fitzsimmons & Shlesinger, Rochester, N. Y., for Sage Electronics Corp.

John E. Kelly, Pastoriza & Kelly, Santa Monica, Cal., for Cal-R, Inc.

Neil F. Castaldo, Orr & Reno, Concord, N. H., Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., for Sprague Electric Co.

Richard R. Fernald, Brighton, Fernald, Taft & Hampsey, Peterborough, N. H., James A. Reed, Jr., Lines, Wilkens, Osborn & Beck, Rochester, N. Y., for Tepro Electric Corp.

## OPINION

BOWNES, District Judge.

Dale Electronics, Inc., brought suit on March 8, 1971, against R. C. L. Electronics, Inc., on behalf of itself and as representative of others similarly situated claiming infringement of five patents. Dale alleged that R. C. L. was infringing all five patents and, in addition, named twelve other defendants as infringers of one or more of the five patents.[1]

---

1. 1. Sage Electronics Corporation, Pittsford, New York
   2. Cal-R, Inc., Santa Monica, California
   3. Shallcross Manufacturing Company, Selma, North Carolina
   4. Cutler-Hammer, Inc., a Delaware corporation doing business through Shallcross Manufacturing Company in Selma, North Carolina
   5. Pacific Resistor Co., Tarzana, California (now a division of Precision

On May 4, 1971, I ordered that this action proceed as a class action pursuant to Rule 23(b) (1) (A), 23(b) (1) (B), and 23(b) (2) of the Federal Rules of Civil Procedure. Five classes were defined, one for each patent, and R.C.L. was designated as representative of the five classes. Notice was given to all named members of the five classes by registered mail and to unknown members by publication in the Electronic News for four consecutive weeks. The order stated:

> The issues to be tried as a class action shall include all issues pertaining to the enforceability and validity of the five patents in suit, . . . .

Plaintiff seeks a judgment of validity as to each patent, an injunction, and damages from the representative defendant, R. C. L. Electronics, Inc.

Four of the named defendants, Sage Electronics, Sprague Electric, Cal-R, Inc., and Tepro Electric, have moved for exclusion. Although the wording and phrasing of the motions differ, the movants all make one basic contention; that this is not a proper class action because it does not meet the requirements of Rule 23, F.R.Civ.P.

I, therefore, address myself to the basic question of whether or not this litigation should proceed as a class action. This requires an analysis of the the scope of Rule 23. The starting point for such analysis is Rule 1, F.R.Civ.P., which provides:

> These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action.

Since patent cases are not excepted in Rule 81, I turn to the specific provisions of Rule 23, keeping in mind that it "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 23 has received extensive examination by judges and scholars more experienced and learned than I. Judge Marvin Frankel in his talk entitled "Some Preliminary Observations Concerning Civil Rule 23" pointed out:

> It is neither a set of prescriptions nor a blue print. It is, rather, a broad outline of general policies and directions. As the commentators have said, it confides to the district judges a broad range of discretion. 43 F.R.D. 39.

Professor Kaplan, reporter of the new Civil Rules, commented that it would take a generation or so before we can appreciate the scope, the virtues, and the vices of Rule 23. 43 F.R.D. 52. This opinion is a small start toward such appreciation.

Judge Becker in Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 285 F.Supp. 714 (N.D.Ill., E.D. 1968), applied Rule 23 to multidistrict patent cases and held that consolidated patent infringement actions were maintainable as a class action against all alleged infringers with respect to issues of validity, misuse, and fraud on the patent office. By ordering a class action, Judge Becker effectively distilled seventy-four separate actions into one law suit and avoided the holding of Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949

---

Electronic Coil Mfg. Co., a California corporation)

6. Precision Electronic Coil Mfg. Co., Tarzana, California

7. Omtronics Manufacturing, Inc., Omaha, Nebraska

8. International Resistance Company, Philadelphia, Pennsylvania

9. Ultronix, Inc., Grand Junction, Colorado

10. Sprague Electric Company, North Adams, Massachusetts

11. Kelvin Electric Company, Van Nuys, California

12. Tepro Electric Corporation, Rochester, New York

(1936), that a determination of patent invalidity is not *res judicata* as against the holder of a patent in subsequent litigation against a different defendant. This use of Rule 23 is an excellent example of the application of the general policy and purpose of the Rule.

With these general principles as a frame of reference, I now consider whether or not this case fits within the provisions and scope of Rule 23. Paragraph (a) of the Rule provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

One of the main thrusts of the objectors is that thirteen named defendants come nowhere near meeting the requirements of numerosity. While it must be conceded that thirteen defendants are not a numerous class judged by normal class action standards, it is not numbers alone, but whether or not the numbers make joinder impracticable that is the test. Professor Wright has pointed out:

For the class to be large enough to permit a class suit, impossibility of joinder is not required. Extreme difficulty or impracticability of joinder is sufficient. One court has referred to "the numbers game aspect of Rule 23," *but it is clear that no numerical test is possible.* Wright, Law of Federal Courts, page 308 (2nd Ed. 1970). [Emphasis added.]

I must admit that my efforts to find a class consisting of thirteen or less members have turned up only one case. Citizens Banking Co. v. Monticello State

Bank, 143 F.2d 261 (8th Cir. 1944). In that case, which predates new Rule 23, it was held that twelve plaintiffs were sufficient for a class action. In De-Marco v. Edens, 390 F.2d 836 (2nd Cir. 1968), the court made the following pertinent comments as to numerosity:

But courts should not be so rigid as to depend upon mere numbers as a guideline on the practicability of joinder; a determination of practicability should depend upon all the circumstances surrounding a case. At page 845.

The court held that a group of sixteen more putative plaintiffs does not necessarily justify a class suit, where it appeared that most, if not all, of the group lived in the same geographical area as the plaintiff. Obviously, joinder was practicable. In the instant case, with the exception of Sprague which does business in New Hampshire, the locations of the defendants range from California to New York, and from North Carolina to Nebraska. Joinder is not only impracticable, but impossible.

It is argued, however, that while joinder may be impossible, the plaintiff can sue each named defendant individually and that such a burden would not be unduly oppressive. It is further urged that, under the holding of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), a class action is unnecessary since a judgment of invalidity as to one or more of the patents is final and binding on the plaintiff as to all holders of the invalid patent whether they are class defendants or not. The objecting defendants also point out that since the issue of infringement will have to be tried separately as to each defendant, the reason for the use of Rule 23 does not apply.

These arguments merit serious consideration. As pointed out in *Blonder-Tongue, supra,* at 336–338 nn. 29–33, 91 S.Ct. 1434, patent litigation is a very costly and time consuming process. It

is estimated that the average cost of litigating a patent runs from $15,000 to $50,000. For reasons about which I may speculate, but since venue is proper am powerless to change, the plaintiff has chosen to institute suit in this district. Whether I like it or not, I am going to have to determine the validity of the five patents in issue. My determination will, in all probability, be reviewed by the First Circuit Court of Appeals. Prior to the case reaching me for decision, there will have to be a great deal of pretrial discovery. The objectors in urging that this process be repeated twelve times as to all patents held valid, not only distort the holding of *Blonder-Tongue*, but seek to apply the now discarded *Triplett* doctrine in reverse. There is nothing in *Blonder-Tongue* holding that a patent class action cannot be instituted or that the determination that a patent is valid should not be held binding on all class defendants. As a matter of fact, the court noted in *Blonder-Tongue* at page 344, 91 S.Ct. at page 1451:

> A second group of authorities encourage authoritative testing of patent validity. In 1952, the Court indicated that a manufacturer of a device need not await the filing of an infringement action in order to test the validity of a competitor's patent, but may institute his own suit under the Declaratory Judgment Act. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. [180], at 185–186 [72 S.Ct. 219, 96 L.Ed. 200.] Other decisions of this type involved removal of restrictions on those who would challenge the validity of patents.

■ In the *Kerotest* case, Mr. Justice Frankfurter noted at page 183, 72 S.Ct. at page 221:

> The Federal Declaratory Judgment Act, facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration,

giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.

The same principle applies to the use of a class action. The recent case of Boutel v. Volk, 449 F.2d 673 (10th Cir. 1971), does not militate against the use of a class action in patent litigation. In *Boutel*, the Tenth Circuit refused to invoke a consent judgment acknowledging the patent's validity to estop a *non-party* to that judgment from now attacking its validity. Judge Doyle noted:

> Appellant does not argue that Volk was a participant in the Wisconsin case whereby he is on this account precluded from again litigating, for it is obvious that Volk was not a party directly or indirectly in the Wisconsin litigation. *Instead, he contends that Blonder-Tongue has eliminated all need for privity in a patent case.* This is a grossly inaccurate appraisal. [Emphasis added.]

I agree with Judge Doyle's analysis of *Blonder-Tongue*, but I fail to see how his carefully reasoned opinion is grounds for a holding that *Blonder-Tongue* precludes class actions in patent litigation. Under section (e) of Rule 23, no class action can be compromised or dismissed without approval by the court and notice to all members of the class. There are three essentials to a class action: (1) notice should be fair and ample in the circumstances; (2) competing interests should be fully and fairly heard before decision; and (3) no substantial right should be concluded before it has been tried out thoroughly in adversary proceedings. Unlike the situation in *Boutel*, the use of the class action eliminates any problem of estoppel as to a non-party.

While it is true that the issue of infringement must be determined in individual actions on a case by case basis, a determination of patent validity which is binding on all members of the class

cannot but help reduce the time and expense involved in such litigation. I would be blind to the practical aspects of litigation not to foresee at least the bare possibility of settlement in some of the infringement actions after the issue of validity has been determined.

■ For the foregoing reasons, I rule that in the context of this case the class of defendants is so numerous that joinder of all members is impracticable and the requirements of 23(a)(1) have been met.

■ It seems clear that the requirements of 23(a)(2) are also met. There are questions of law or fact common to each class. The issues raised relative to validity are those that are common to most patent cases, i. e.: (1) the validity of each of the five patents; (2) enforceability of the patents under the doctrine of file wrapper estoppel; (3) enforceability of the patents under the doctrine of patent misuse; and (4) enforceability of the patents. These issues are common to all members of each of the five classes.

■ It is also evident that the claims or defenses of the representative party are typical of the claims or defenses of the class. Rule 23(a)(3). In fact it might be said that the defenses of the representative party are identical with the defenses of each member of each class. The answer filed by R. C. L. Electronics, Inc., is typical of all answers filed in patent infringement suits. All these defenses involve the patents and the plaintiff's actions relative to the patents, and it is hard to see how either the law or the facts will differ as to each patent in issue. It is important to point out again that the issue of infringement will not be determined except as to the representative defendant.

■ There is no reason to believe that the representative defendant will not fairly and adequately protect the members of the class. The firm of Burgess, Dinklage and Sprung, which represents R. C. L. Electronics, Inc., is one of high standing and its members have had considerable experience in patent law. R. C. L. Electronics, Inc., is charged with infringement of each patent and I must assume that its attorneys will defend each charge with vigor and skill. Furthermore, Rule 23(e), which requires the approval of the court for dismissal or compromise and notice to all members of the class of any proposed dismissal or compromise, fully insures that no settlement will be binding without an opportunity for all of the defendants to be heard in opposition. I can assure the defendants that the issue of validity will not be held binding on any members of any class by way of dismissal or compromise if there is an objection. While the class action is a useful tool, it should not be used to thwart or limit in any way the basic requirement of due process; that the rights of a party may not be abrogated or diminished without a full adversary hearing. The purpose of this class action is to have a full and fair hearing on the issue of the validity of the five patents at one time and in one place. Anything short of that will not be forced on any defendant over his objection.

■ I am also aware of the fact that while the ordering of a class action may result in reducing the cost of litigation insofar as the plaintiff is concerned, it may also result in imposing costs on defendants that they might never have to face or in accelerating the time of imposition of those expenses. Thanks to *Blonder-Tongue*, the named defendants, absent a class action, are in a position to benefit without the expenditure of any money from a determination of invalidity. They can, if they choose, sit on the sidelines without participating in the fray and may still walk off a winner if R. C. L. Electronics, Inc., prevails. They now object that the class action ruling makes them an unwilling participant in this litigation. A partial answer to this position is that none of the defendants have to participate actively or incur any

expense unless they want to. The decision of whether to intervene or not is up to them. If they are not content to let the issue be decided by the representative defendant, then they have in effect volunteered to enter the contest. This answer, however, is not entirely adequate. The objectors argue, with some merit, that it would be foolhardy for them to let someone else have the sole responsibility of litigating so important a question, and that in order to determine how effectively R. C. L. Electronics, Inc., is conducting the common defense, they will at least have to participate in the pretrial discovery process. I must take judicial notice of the fact that discovery process in a patent case is time consuming and expensive. Since the plaintiff has the most to gain by way of saving of expenses from this class action, I am, therefore, going to order that any defendant who requests it shall be furnished, at the plaintiff's expense, a copy of any deposition and/or interrogatory.

There remains for consideration the provisions of 23(b) (1) (A), 23(b) (1) (B), and 23(b) (2) of the Rule.

The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Rule 23(b) (1) (A). While *Blonder-Tongue* makes an invalidity determination final and binding on the plaintiff, it does not meet the problem of a possibility of a validity finding by this court and an invalidity finding by another court. The alleged infringers could continue infringing until such time as the plaintiff brought suit against each of them and relitigated the question of validity.

The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests. Rule 23(b) (1) (B). Much the same reasoning applies to 23(b) (1) (A). If, absent a class action, it is determined that one or more of the patents are valid, others holding the same patent will not know whether legal proceedings will be instituted against them or not. While another court is not required to give *res judicata* effect to the final determination of validity by this court, it is fair to say that the final decision in this case will receive careful consideration and be given some weight by another district court in determining the issue of validity. A final determination at one time and one place of either validity or invalidity will eliminate once and for all any uncertainty as to the status of these patents.

Finally, plaintiff has acted on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Rule 23(b) (2). All of the companies named as defendants are competitors in the electrical resistor industry. The plaintiff has affixed notice of its patents on its products thereby notifying all companies in the industry of its patent rights. The class defendants, as well as the representative defendant, have chosen to ignore the patent rights of the plaintiff. If the facts as alleged by the plaintiff are true, then the plaintiff has no alternative but to seek injunctive relief.

I must recognize that by using a class action in this situation I am venturing into what is mainly unchartered waters. There is the possibility that a higher court will determine that the class action device was not intended for such a voyage. If it turns out that I have erred, the question is: What harm will have resulted? If it is finally decided that a

class action was improper, then the parties are back where they started; the validity or invalidity of the patents as to R. C. L. Electronics, Inc., will have been determined, and the plaintiff will have to institute separate suits against the other claimed infringers as to any patents found valid. Since the plaintiff has asked for a class action, the extra expense that this order entails as to it will have been neither unfair nor unwarranted. As far as the class defendants are concerned, if the patents are held valid but the class action is held invalid, they will at least have had the benefit of participating to whatever degree they wanted in these proceedings and such participation should stand them in good stead and curtail expenses as to any future law suits instituted by the plaintiff. My order as to the propriety of a class action, even if it turns out to have been error, will not subject any of the defendants to an oppressive burden or unreasonable expense.

There are two further matters to discuss, both raised by Sprague Electric. The first is the question of venue. It is argued that under the provisions of 28 U.S.C. § 1400(b),[2] venue is improper as to any of the defendants except Sprague Electric and R. C. L. Electronics, Inc. It is interesting to note that the venue obstacle has been raised only by that defendant who is doing business in this district and, therefore, comes within the strict wording of the venue statute. Both sections of the venue statute raise problems as far as class actions are concerned and there is no doubt that a

strict construction of the statute would effectively eliminate, or at least sharply curtail, class actions. This problem was met head-on in Research Corp. v. Pfister Associated Growers, Inc., 301 F.Supp. 497 (N.D.Ill., E.D.1969). The court noted at page 501:

> However, this court concludes that venue need not be established as to those non-representative-party class members, since to do so would eliminate the use of the class action route in all cases where a defendant class is appropriate.

If a strict interpretation of the venue statute is invoked, then it is to be noted that the statute itself speaks only to an action for patent infringement. The class action here will not determine infringement, only validity.

For the reasons set forth herein, my order of May 4, 1971, establishing a class action is affirmed and amended as follows:

1. The plaintiff, at its own expense, shall furnish to any of the defendants so requesting copies of any or all depositions and interrogatories.

2. No dismissal or compromise as to any of the five patents in issue shall be binding on any of the class defendants if such a defendant objects in writing within a reasonable time after being notified of the terms of such dismissal or compromise.

The pretrial hearing on December 20, 1971, will be held as scheduled.

So ordered.

---

2. Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.