Lawrence R. SPERBERG, Plaintiff,

v.

The FIRESTONE TIRE & RUBBER COMPANY et al., Defendants.

Civ. No. C72-1067.

United States District Court,
N. D. Ohio, E. D.

May 4, 1973.

See also D.C., 61 F.R.D. 78.

Paul A. Weick, Akron, Ohio, Thomas M. Marshall, New York City, for plaintiff.

Robert W. Poore, Victor E. DeMarco, Jones, Day, Cockley & Reavis, Cleveland, Ohio, Stanley M. Clark, Olaf Nielsen, Akron, Ohio, for defendant Firestone Tire and Rubber Co.

William C. McCoy, Jr., Bosworth, Sessions & McCoy, Cleveland, Ohio, Frank C. Rote, Harry F. Pepper, Jr., Richard E. Guster, Roetzel & Andress, Akron, Ohio, for defendant General Tire and Rubber Co.

Robert H. Kennedy, Squire, Sanders & Dempsey, Cleveland, Ohio, Ernest K. Bean, William A. Shira, Jr., Akron, Ohio, for defendant B. F. Goodrich Tire Co.

Timothy F. McMahon, Leslie W. Jacobs, Thompson, Hine & Flory, Cleveland, Ohio, Ford W. Brunner, M. William Goodwin, Akron, Ohio, Hugh A. Chapin, James H. Callahan, Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, for defendant Goodyear Tire & Rubber Co.

Harvey E. Bumgardner, Jr., New York City, Warren Daane, Baker, Hostetler & Patterson, Cleveland, Ohio, for Uniroyal Tire Co.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

Lawrence R. Sperberg brought a class action (*see* Rule 23, Fed.R.Civ.P.) on October 5, 1972 against Firestone Tire and Rubber Company (hereafter termed "Firestone"), General Tire and Rubber Company (hereafter termed "General"), B. F. Goodrich Tire Company (hereafter termed "Goodrich"), Goodyear Tire and Rubber Company (hereafter termed "Goodyear"), and Uniroyal Tire Company (hereafter termed "Uniroyal"), each on behalf of itself and as representatives of others similarly situated. The complaint alleges that Sperberg is the owner of Patent No. 3,563,088 (hereafter termed '088), issued on February 16, 1971 and entitled "Nondestructive Method of Determining Tire Life." The complaint further alleges that the five representative defendants are infringing patent '088, and that there exists a class whose members are infringing patent '088 without leave or license from plaintiff. Paragraph 5 of the complaint states that the members of the class are defined "to include all those who, in connection with the manufacture and/or testing of tires in the United States have utilized or used and are utilizing or using the subject matter of United States Letters Patent No. 3,563,088." The complaint names sixteen additional tire companies alleged to be within the class.

Subsequent to filing of the complaint numerous motions have been filed by the various parties.

1. *Motion for a more definite statement and/or to strike pleadings, and motion for leave to serve and file an amendment to answer and counterclaim.*

Sperberg filed a motion seeking an order for a more definite statement and/or to strike paragraph 16 from the answer of General and that portion of paragraph 2 of General's counterclaim which incorporates paragraph 16 by reference. General responded to the motion by filing its motion for leave to serve and file an amendment to the answer and counterclaim, in which General sought to amend paragraph 16 of its answer, and thus by reference paragraph 2 of its counterclaim. At a preliminary pretrial Sperberg stated that if the Court grants General's motion to amend paragraph 16 this would satisfy Sperberg's motion for a more definite statement and/or to strike. General will be

permitted to amend paragraph 16 of its answer as requested and the motion for a more definite statement will be dismissed.

2. *Motion to dismiss for lack of venue and motion for a general stay of discovery.*

Uniroyal has filed a motion to dismiss the action against it pursuant to Rule 12(b), Fed.R.Civ.P. on the ground that there is improper venue as to Uniroyal. Sperberg has filed a first set of interrogatories on Uniroyal, numbered 1 through 106, and Sperberg has also filed notice to take depositions of certain witnesses. Uniroyal has responded with a motion for a general stay of discovery and also with a motion to vacate the notice of depositions.

The applicable statutory provisions regarding venue in patent cases provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. Sec. 1400(b).

■ The venue statute reads in the disjunctive, that is venue is proper in a patent infringement case in the district (1) where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. *See* Hydro-Clear Corp. v. Aer-O-Flo Corp., 317 F.Supp. 1317 (N.D.Ohio 1970, Lambros, J.).

■ The residence test of venue limits the residence of a corporation to its state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir. 1960). Sperberg concedes that Uniroyal is not incorporated in the Northern District of Ohio, thus venue cannot be established using the first test of the venue statute.

With reference to the second test of venue in Sec. 1400(b), Uniroyal concedes that it has a regular and established place of business in the Northern District of Ohio, but claims that assuming it has infringed, which it denies, it has not committed acts of infringement in the Northern District of Ohio, and thus there is no venue for the action in this Court.

Sperberg opposes the motion to dismiss in part on the ground that in a class action venue pursuant to 28 U.S.C. Sec. 1400(b) does not have to be shown in all instances. Sperberg contends that if Uniroyal is successful on its venue motion it should be dismissed only as a representative member of the class, but that the Court should retain jurisdiction of Uniroyal as a nonrepresentative member of the class. There is conflicting authority on this issue concerning venue requirements in a patent class action.

Sperberg cites the case of Research Corp. v. Pfister Associated Growers, Inc., 301 F.Supp. 497 (N.D.Ill.1969) which held that venue need not be established as to nonrepresentative class members, "since to do so would eliminate the use of the class action route in all cases where a defendant class is appropriate." *Id.* at 501. *See also* the discussions in Tracor, Inc. v. Hewlett-Packard Co., 176 U.S.P.Q. 505 (N.D.Ill. 1973); Dale Electronics, Inc. v. R. C. L. Electronics, Inc., 53 F.R.D. 531 (D.N.H. 1971); and Technograph Printed Circuits Ltd. v. Methode Electronics, 285 F.Supp. 714 (N.D.Ill.1968).

Other Courts have expressed serious doubts concerning venue in a patent class action. Thus in In re Yarn Processing Patent Litigation, 341 F.Supp. 376 (S.D.Fla.1972) the Court, in denying a motion to maintain consolidated actions as a class action under Rule 23, noted at footnote 5, page 647, that there also was the question of the propriety of patent class actions when one considered the patent venue statute, 28 U.S.C. Sec. 1400(b). The Court noted that two

Courts had decided that the venue statute did not prohibit the class action, citing *Dale, supra,* and *Research, supra.* However, the Court went on to state that "the question is far from settled." Ibid. In Technitrol, Inc. v. Control Data Corp., 164 U.S.P.Q. 552 (D.Md.1970) the Court refused to allow a patent case to proceed as a class action. The Court cited many reasons for refusing a class action in the case, and in considering the factor of venue noted that "it is highly questionable that Rule 23 was intended to cross-out the specific venue provisions of 28 U.S.C. 1400(b); . . ." *Id.* at 552.

The United States Supreme Court has held that 28 U.S.C. Sec. 1400(b) is the exclusive venue statute in cases of patent infringement and should not be supplemented by the general venue provisions of the Judicial Code. Fourco Glass Co., *supra*; Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S. Ct. 780, 86 L.Ed. 1026 (1942).

The Supreme Court has been quite definite with relation to Sec. 1400(b), stating that:

> The language of this special statute is clear and specific. The practice complained of here was not at all unusual at the time of this statute's passage, and for us to enlarge upon the mandate of the Congress as to venue in such patent actions would be an intrusion into the legislative field. Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 262–263, 81 S.Ct. 557, 560, 5 L.Ed.2d 546 (1961).

Plaintiff contends that Rule 23, Fed. R.Civ.P., which pertains to a class action, has precedence over, or enlarges, the venue provisions of Sec. 1400(b), to allow inclusion of a defendant as a nonrepresentative class member, even assuming there is no venue pursuant to Sect. 1400(b).

The Supreme Court has considered the general relationship of Rule 23 to a statute in determining whether Rule 23 can enlarge the jurisdictional basis of a fed-

eral court. In Snyder v. Harris, 394 U. S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) the plaintiffs sued as a class and claimed federal jurisdiction, in part by reason of the matter in controversy exceeding $10,000. To exceed the jurisdictional amount, the plaintiffs had to aggregate the individual claims, none of which singly equaled $10,000. The issue before the Supreme Court was whether such an aggregation could be made pursuant to Rule 23 to obtain federal jurisdiction.

The Supreme Court noted Rule 82, Fed.R.Civ.P. which states:

> These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein.

The Supreme Court further noted that the rule making authority was limited by the inability of a Court, by rule, to extend or restrict the jurisdiction conferred by a statute, and additionally stated:

> Nor can we overlook the fact that the Congress that permitted the Federal Rules to go into effect was assured before doing so that none of the Rules would either expand or contract the jurisdiction of federal courts. If there is a present need to expand the jurisdiction of those courts we cannot overlook the fact that the Constitution specifically vests that power in the Congress, not in the courts. *Snyder, supra* at 341–342.

If this Court holds that a nonrepresentative member of the class can be sued in the Northern District of Ohio, despite a lack of venue, this Court would be engaging in legislative enlargement of the patent venue statute, contrary to the mandate of Congress in Sec. 1400(b), contrary to Rule 82, Fed.R. Civ.P., and contrary to the reasoning of the Supreme Court in *Schnell, supra,* and *Snyder, supra.*

The primary reason advanced in favor of enlarging venue for purposes of class

action in patent litigation is that it would bring about economies of time, effort and expense and promote uniformity of decisions as to individuals similarly situated. *See Technograph, supra* at 724. Assuming the desirability of this goal, it should be argued before Congress, not the Court. If Congress agrees with this goal it can pass the necessary legislation to incorporate the goal into law.

Indeed, Congress has passed legislation which has been utilized in complicated patent actions. Title 28 U.S.C. Sec. 1407, titled "Multidistrict Litigation", states that in civil actions involving one or more common questions of fact pending in different districts, such actions may be transferred to any one district for coordinated or consolidated pretrial proceedings. However, each action so transferred shall be remanded at or before the conclusion of the pretrial proceedings to the district from which each case originally was transferred. Obviously Sec. 1407 stops far short of a Rule 23 class action concerning venue in a patent suit. This Court can go no further than Congress has permitted.

■ If Uniroyal has not carried on acts of infringement in the Northern District of Ohio it must be dismissed from this action as an individual defendant, as a representative member of the class (should this action be continued as a class action), and as a nonrepresentative member of the class.

Sperberg claims that Uniroyal has committed acts of infringement in the Northern District of Ohio. It is apparent that Sperberg must have the opportunity to develop through discovery the necessary facts to support this contention. Uniroyal has offered to cooperate with Sperberg concerning any and all discovery necessary to determine the issue of venue, but has asked for a general stay of discovery not only as to itself, but as to all defendants in the case pending a determination of the Uniroyal motion to dismiss. The authorities are divided on the issue of a general stay. *Compare,* Noerr Motor Freight, Inc. v. Eastern R.R. Presidents Conference, 14 F.R.D. 189 (E.D.Pa.1953) *with* Blair Holdings Corp. v. Rubinstein, 159 F. Supp. 14 (S.D.N.Y.1954).

Professor Wright has noted that where an issue may be dispositive of a case the Court has discretion to stay discovery on other issues until the critical issue is decided. Professor Wright further states that, "An obvious application of this principle—salutary if applied sparingly and with real discretion rather than as an absolute rule—is that courts may stay discovery on the merits of an action until challenges to jurisdiction have been resolved." *See* C. A. Wright, Discovery, 35 F.R.D. 39, 60 (1964).

■ In the circumstances of this case the Court will order that discovery as to Uniroyal will be stayed, with the exception that Sperberg shall be allowed discovery concerning the question of venue. *See* River Plate Corp. v. Forestal Land, Timber & Ry. Co. Ltd., 185 F.Supp. 832 (S.D.N.Y.1960); Commonwealth Oil Refining Co. v. Houdry Process Corp., 22 F.R.D. 306 (D.P.R.1958) and Deep South Oil Co. of Texas v. Metropolitan Life Insurance Co., 21 F.R.D. 340 (S.D. N.Y.1958). The general stay of discovery applies only to Uniroyal. The motion of Uniroyal to stay discovery as to the other defendants is denied.

In view of Uniroyal's offer of cooperation in discovery, it will be further ordered that the matter of discovery be expedited and completed by May 21, 1973; that Sperberg file a supplemental brief, setting forth the facts upon which he relies concerning the venue question and any further arguments in relation thereto, on or before May 28, 1973; and that Uniroyal file a brief in response on or before June 4, 1973.

3. *Motions raising the issue of whether this action should be maintained as a class action.*

Defendants General, Goodrich and Uniroyal have filed motions asking that

this action not be maintained as a class action. Sperberg has moved that the Court order this case to proceed as a class action. Firestone has opposed Sperberg's motion. There has not been a formal reply or motion by Goodyear, but Goodyear raises the issue in its answer to the complaint.

If this case is tried as a class action, it must meet the requirements of Rule 23, Fed.R.Civ.P. Rule 23 has received extensive examination by judges and scholars. Judge Marvin Frankel in his talk entitled "Some Preliminary Observations Concerning Civil Rule 23" pointed out:

> It is neither a set of prescriptions nor a blueprint. It is, rather, a broad outline of general policies and directions. As the commentators have said, it confides to the district judges a broad range of discretion. 43 F.R. D. 39 (1968).

By definition, an essential prerequisite to a class action is the existence of a class. 3B Moore's Federal Practice, para. 23.04, pp. 23–251. In this action Sperberg defines the class "to include all those who, in connection with the manufacture and/or testing of tires in the United States have utilized or used and are utilizing or using the subject matter of United States Letters Patent No. 3,563,088." *See* paragraph 5 of the complaint. In essence, Sperberg defines the class as being those who have infringed patent '088. All the alleged representative class members deny they have infringed, and presumably so would all nonrepresentative class members. Thus if Sperberg fails to prove infringement there is no class.

■ Since no one admits to being a member of the alleged class, i. e. to being an infringer, the burden is on Sperberg to establish his right to utilize the class action. Cook County College Teachers U., Local 1600, A.F.T. v. Byrd, 456 F.2d 882, 885 (7th Cir. 1972); Philadelphia Electric Co. v. Anaconda Amer-

ican Brass Co., 43 F.R.D. 452, 457 (E. D.Pa.1968); 3B Moore's Federal Practice, para. 23.02–2, pp. 23–156. In this action, with the defined class, such a burden requires Sperberg to prove that each alleged class member has infringed, which issue is also the central issue of this patent infringement action.

■ Rule 23(c)(1) requires the Court to make a determination of whether this action should be maintained as a class action as "soon as practicable after the commencement" of the action. Rule 23(c)(1) contemplates a prompt determination of the class action issue after the filing of the action. Taub v. Glickman, 14 F.R.Serv.2d 847 (S.D.N.Y.1970); Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D.Pa.1967). A prompt determination herein is impossible. Ruling within the strictures set down by Sperberg's definition of the class, the Court would have to await outcome of the jury trial or trials requested by Sperberg to determine how many alleged class members, if any, were held to have infringed patent '088. It is apparent that under the circumstances of this case a class action is inappropriate.

Another problem is the difficulty concerning venue in a patent class action. Sperberg concedes that a number of the sixteen nonrepresentative members of the alleged class listed in paragraph 5 of the complaint do not come within the venue requirements of 28 U.S.C. Sec. 1400(b). In fact, it appears from a reading of the various addresses of the nonrepresentative class members in paragraph 5 that eight of the sixteen do not come within the venue requirements of Sec. 1400(b).

The rationale applied by this Court to the venue issue raised by Uniroyal in its motion to dismiss is equally applicable to the class action issue herein. The Court in *Dale, supra,* noted that with reference to Sec. 1400(b) "there is no doubt that a strict construction of the statute would effectively eliminate, or at least sharply

curtail, class actions." *Id.* at 538. This conclusion is correct with reference to those patent class actions which seek to enlarge patent venue beyond Sec. 1400(b), but the statutory construction should be characterized as being Congressional and Supreme Court construction of Sec. 1400(b), rather than being "strict" construction of Sec. 1400(b). The case cannot proceed as a class action of twenty-one members if the class includes members who are not amenable to the venue of the Northern District of Ohio.

There are additional problems when the four prerequisites to a class action are examined. Prerequisites to a class action are set forth in paragraph (a) of Rule 23, which provides:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of law or fact common to the case, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Courts have been cautious in determining whether a patent infringement action can be maintained as a class action. The Court in *Tracor, supra,* considered a motion for class action in a patent infringement case and stated:

> We do not believe that there is anything *inherent* in patent litigation to prevent the application of Rule 23 and thus while we do not rule out its use in patent cases, we nevertheless do believe that given the uniqueness and complications of patent litigation, we ought to avoid injecting any additional complications, and class actions therefore ought to be permitted only after the closest of scrutiny and after an unequivical determination that a class action would be the most efficacious, advantageous manner in pursuing the suit. *Id.* at 507–508.

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Three courts have upheld patent class actions. *See Dale, supra; Research, supra;* and *Technograph, supra.* In *Research* the class numbered 400 and in *Technograph* the class numbered 80, making joinder obviously impracticable. In this action there are twenty-one listed members of the class, thus *Research* and *Technograph* do not serve as precedents. In *Dale* there were only thirteen members of the class found to meet Rule 23(a)(1); however, the Court in *Dale* noted it could find "only one case" upholding a class of thirteen or less members, *id.* at 534. Moreover, the *Dale* ruling was specifically limited to "the context of this case." *Id.* at 536. The Court in *Tracor, supra,* in which there were also thirteen class members, refused to follow *Dale,* and refused to maintain the action as a patent class action, specifically ruling that 23(a)(1) had not been met. *Tracor* found that thirteen class members "falls far short of meeting the numerosity requirements of 23(a)(1). . . ." *Id.* at 508. The reasoning of *Tracor* is more persuasive than the reasoning of *Dale,* and can be applied to the circumstances of this case. Twenty-one members of a class, eight of whom are not amenable to venue, is insufficient to meet the requirements of 23(a)(1) within the circumstances of this case.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. On the surface, the question of patent validity is common to each and every defendant alleged to have infringed the patent. However the Court in *Technitrol, supra,* stated that the interests of each defendant may not even be the same concerning validity. The Court noted that there may be differences of emphasis or indeed that a particular defendant may be more interest-

ed in showing that a portion of his particular apparatus is not covered by the patent in question than are others, and finally that an individual defendant may be interested in invalidating the patent only as it imposes liability on the particular defendant. The reasoning in *Technitrol* is applicable to the circumstances of this case.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. The same considerations with relation to Rule 23(a)(2) are relevant herein. Moreover, *Research, supra,* recognized that the defense of noninfringement is "more of a defense tailored to the individual, . . . " (*Id.* at 499), but due to the special circumstances of that case (defendants "almost admitted infringement" ibid) the infringement issue was not relevant. As noted earlier, the defense of each answering defendant herein has been not only invalidity and numerous other defenses, but also a strong assertion that there is no infringement of the Sperberg patent. Such an assertion is a defense unique to each defendant.

Rule 23(a)(4) requires that the named parties, otherwise known as the representative members of the class, will fairly and adequately protect interests of the class. It is apparent from the numerous briefs and the preliminary pretrial held in this case that each of the named defendants is quite concerned over its alleged proprietary trade secrets. Each defendant has stated that a protective order may be necessary as to the other defendants in the case, and perhaps as to the plaintiff, concerning trade secrets. In such a posture, it is obviously impossible for an attorney for one of the representative defendants to fairly and adequately protect the interests of the class. In a case such as this the tactics, strategy and perhaps even settlement discussions of each represent-

ative defendant will depend partially, if not entirely, upon considerations involving protection of trade secrets unique to each defendant. It is significant to note that the Court in *Dale, supra,* reversed its earlier decision, ruling, in an unpublished order, that the action could not be maintained as a class action because of failure to meet the requirement of 23(a)(4). In this case the requirement of 23(a)(4) has not been met.

A final observation is necessary. The cases of *Research, supra, Technograph, supra,* and *Dale, supra,* heavily emphasized the common question of patent validity, and almost ignored the other major issue of patent infringement. *Research* felt there was no real issue of infringement, stating:

> Infringement admittedly is a more individualized issue, but since most of the named defendants have almost admitted infringement, and the industry has been using the patented process to varying degrees since the patent's issuance in 1956 (and earlier), this is not viewed as a substantial obstacle to maintaining this suit as a class action. *Id.* at 499.

The present suit is contrary to the facts in *Research,* since the defendants herein have vigorously stated their denial of infringement in addition to claiming invalidity of patent '088. In *Technograph* the Court stated that the common questions of validity of the patent, alleged procurement of the patent through fraud and alleged misuse of the patent would be tried as a class action, but that the claims of infringement "will not be adjudicated as a class action unless otherwise hereafter ordered by the court." *Id.* at 720. At another place the Court stated the actions were "consolidated". *Id.* at 725. In *Dale* the Court noted that "the purpose of this class action is to have a full and fair hearing on the issue of the validity of the five patents at one time and in one place." *Id.* at 536. The

Court also noted, "I must recognize that by using a class action in this situation I am venturing into what is mainly unchartered waters. There is the possibility that a higher court will determine that the class action device was not intended for such a voyage." *Id.* at 537.

It would appear in those cases which have upheld a patent class action that the cases were in reality being consolidated pursuant to Rule 42, Fed.R.Civ.P. as to the issue of validity, rather than being tried as a true class action. Thus Sperberg could individually sue each alleged class member and, after Court ruling on motions to dismiss for lack of venue, if any, could then move to consolidate trial on the issue of validity, thereby attaining the same result as in *Research, Technograph* and *Dale,* except as previously noted as to enlarged venue. The Court is not necessarily suggesting this procedure in this case, but is simply noting that nearly the same results of *Research, Technograph* and *Dale* could be reached without the complicated method of a class action.

For the above reasons, it is determined that this case should not proceed or be maintained as a class action. It is more appropriate to litigate this case with a view toward (1) possible consolidation of certain issues pursuant to Rule 42, Fed.R.Civ.P., or (2) use of multidistrict litigation pursuant to 28 U.S.C. Sec. 1407, or (3) some other alternative suggested by the parties.

4. *Motions to stay discovery.*

General, Goodrich and Goodyear have filed motions to stay discovery to various dates, primarily on the ground that discovery should await decision on the class action motion, which is now a moot point. A stay shall be denied. General, Goodrich and Goodyear shall respond to Sperberg's first set of interrogatories on or before May 21, 1973.

It is so ordered.

