UNITED STATES of America and Equal Employment Opportunity Commission, Plaintiffs,

v.

TRUCKING EMPLOYERS, INC., et al., Defendants.

Civ. A. No. 74–453.

United States District Court, District of Columbia.

Aug. 16, 1976.

Debra A. Millenson, Equal Employment Opportunity Commission, Washington, D. C., for plaintiff Equal Employment Opportunity Commission.

Lubomyr M. Jachnycky, U. S. Dept. of Justice, Washington, D. C., for plaintiff United States.

W. A. Thurmond, J. F. Hulse, Scott, Hulse, Marshall & Feuille, El Paso, Tex., for petitioner Whitfield Transportation Co., Inc.

Edward F. Chuha, Kincaid, Palmer & Randall, Columbus, Ohio, for petitioner Suburban Motor Freight, Inc.

## MEMORANDUM AND ORDER

BRYANT, District Judge.

This matter is now before the Court on the petitions of Whitfield Transportation Company, Inc. and Suburban Motor Freight, Inc. for determination of the question of jurisdiction over each of them. Each petition is substantially identical, and the government's response to each is the same. The Court therefore treats the two petitions together.

This is a class action lawsuit in which the United States seeks relief under Title VII of the 1964 Civil Rights Act for discrimination in the trucking industry against black and Spanish-surnamed persons involved in various phases of the industry. The Court has certified the suit as a class action, in which the class is a defendant class consisting of all trucking companies meeting certain criteria. Seven such companies are named defendants and have been found by the Court to satisfy the representation requirements of F.R.C.P. 23. Each member of the defendant class has been fully advised of the pendency and progress of the action, and of its right to appear personally herein.

Petitioners now seek a declaration that because they have not been personally served in this action and because under the provisions of Title VII venue would not be proper as to them had they been so named and served, they must be excused from the action and are not subject to the Court's jurisdiction. For the following reasons, both petitions are denied.

■ It has long been the law in the courts of the United States that in an otherwise proper class action suit, non-party members of the class need not be brought personally before the Court, as long as the requirements of due process—in this context, primarily notice and representativeness of named class members—are afforded them. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921); *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The class action thus stands as the outstanding exception to the general rule that one is not bound by a judgment *in person-*

*am* in litigation to which he/she has not been made a party by service of process. Rule 23 is the modern formulation of the traditional equitable class suit. Recognizing that class members not personally before the Court will be personally bound by the Court's adjudication, it specifies when such suits are maintainable and how they are to be conducted.

Petitioners do not appear to question the Court's power, in the sense of jurisdiction, to hear the suit as a class action; that jurisdiction arises from Title VII itself. Rather, they assert that because venue is improper as to them, and despite the fact that they are otherwise proper members of the class, the Court must dismiss them from the action. This contention represents a basic misunderstanding of the function of venue in a class action. The central function of venue generally is to regulate the forum in which a party may appear or may force another party to appear personally, in a suit in which the court would otherwise have jurisdiction. In the ordinary case, the party has been brought personally before the court, by service of process or by filing the action, and the only question is whether the court sits in the proper district (as defined by the venue statutes) to hear the case. Venue is therefore intimately connected to and predicated upon the personal appearance of the party. Because class actions do not necessarily require the presence of a class member before the court for an adjudication of his/her rights and liabilities, venue restrictions are not determinative of the ability of the court to hear the action with respect to all members of the class. As most courts have held, the relevant venue question in such circumstances is whether venue is proper as among the parties who have in fact been brought personally before the court as named parties to the action, the parties representing and in effect standing in for the absent class members.* See, *United States ex rel. Sero v. Preiser*, 506 F.2d 1115

(C.A.2, 1974), *cert. den.*, 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789; *Research Corp. v. Pfister Associated Growers, Inc.*, 301 F.Supp. 497 (N.D.Ill., 1969); *Appleton Electric Co. v. Advance United Expressways*, 494 F.2d 126 (C.A.7, 1974); *Dale Electronics v. R. C. L. Electronics, Inc.*, 53 F.R.D. 531 (D.N.H., 1971); *contra, Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70 (N.D. Ohio, 1973). To hold otherwise would effectively eviscerate the historic function of the class suit and render Rule 23 largely useless. And finally, the Court's holding here in no way violates the mandate of Rule 82 that the Federal Rules not be construed to extend the jurisdiction or venue of the federal courts, see *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). In *Snyder*, the Court held that the settled law had precluded the aggregation of claims to reach the $10,000 jurisdictional minimum, and that the promulgation of Rule 23 had not altered the settled law. In the present case the settled law has long been that class suits may be maintained without the personal appearance of class members, see *Supreme Tribe of Ben-Hur, supra* 255 U.S. at 363–364, 366, 41 S.Ct. 338, so that today's decision is not predicated on any view of a change in doctrine as a result of Rule 23. This decision simply points out that under the traditional standards of a class action suit, where the personal appearance of a class member is not necessary for an adjudication of such a person's rights and liabilities as a member of the class, lack of proper venue as to such absent class members does not impair the Court's ability to entertain the action and adjudicate the rights and liabilities of those absent class members.

Accordingly, it is by the Court this 16 day of August, 1976,

ORDERED, that the Petition of Whitfield Transportation Company, Inc. For A Determination Of The Question Of Jurisdiction Over It be, and hereby is, denied; and

---

* The fact that, as here, the class is a defendant class does not suggest a different result. The rights and liabilities of absent plaintiff and absent defendant class members are bound equally by any judgment in a class action, and an absent plaintiff choosing to appear personally is no more likely to be in a proper venue district than an absent defendant so choosing.

FURTHER ORDERED, that the Petition of Suburban Motor Freight, Inc., For A Determination Of The Question Of Jurisdiction Over It be, and hereby is, denied; and

FURTHER ORDERED, that counsel for plaintiffs shall serve a copy of this Memorandum And Order on each member of the defendant class, or their counsel.