VILLANTI, Judge.
 

 In this class action, Michael C. Addison and Richard T. Pettit appeal a nonfinal order which applied the “home venue privilege” to exclude and dismiss from the defendant class all non-Hillsborough County class members. Because none of the established exceptions to the home venue privilege are applicable to this case, we affirm.
 

 This is the third time some aspect of this litigation has come before this court.
 
 See City of Tampa v. Addison,
 
 979 So.2d 246 (Fla. 2d DCA 2007),
 
 review denied,
 
 980 So.2d 1070 (Fla.2008);
 
 Addison v. City of Tampa,
 
 887 So.2d 334 (Fla. 2d DCA 2004) (table decision). Addison and Pettit are members of The Florida Bar who filed a lawsuit in Hillsborough County challenging the constitutionality of the City of Tampa’s occupational license tax, as applied to attorneys practicing law in Tampa. Because occupational license taxes are common throughout Florida, Addison and Pettit filed this lawsuit “for themselves and all others similarly situated,” against the City of Tampa “individually, and as representative of all other Florida municipalities similarly situated.”
 

 The lawsuit originally listed the City of Tampa, the City of Miami, and Miami-Dade County as named defendants and also as representatives of “all similarly situated Florida municipalities and counties.” In February 2004, the trial court dismissed the City of Miami and Miami-Dade County from the case for improper venue, based on the home venue privilege. Addison and Pettit appealed the trial court’s order dismissing the City of Miami and Miami-Dade County based on home venue, and this court affirmed.
 
 See Addison,
 
 887 So.2d at 334
 
 (Addison I).
 
 As a result, only the City of Tampa remained as a
 
 named
 
 defendant in the case.
 

 Thereafter, Addison and Pettit sought to certify two classes: (1) a plaintiff class which consisted of all attorneys subject to local occupational license taxes within Florida, and (2) a defendant class which consisted of all municipalities and counties within Florida which levy such occupational taxes on lawyers. On June 21, 2006, the trial court certified the two classes and appointed the City of Tampa attorneys as counsel for the defendant class. The City of Tampa appealed the class certification order, and this court affirmed the class certification.
 
 See City of Tampa,
 
 979 So.2d at 246
 
 (Addison
 
 II).
 

 Certification of the defendant class had the effect of bringing into the lawsuit, as nonnamed defendant class members, at least 200 municipalities and approximately thirty-five counties in Florida which currently impose occupational license taxes on attorneys. Ironically, it also had the practical effect of bringing back into the lawsuit as nonnamed class members the City of Miami and Miami-Dade County, both of which had been dismissed from the case based on the home venue privilege. Because only four of the defendant class members are located in Hillsborough
 
 *744
 
 County,
 
 [1]
 
 the City of Tampa filed a motion invoking the home venue privilege on behalf of all non-Hillsborough County defendant class members. Following a hearing, the trial court granted this motion and excluded from the defendant class all non-Hillsborough County defendant class members based on the home venue privilege. This appeal followed.
 

 In Florida, the common law home venue privilege “governs suits against government entities[.]”
 
 Bush v. State,
 
 945 So.2d 1207, 1212 (Fla.2006). The supreme court has clearly stated:
 

 It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.
 

 Id.
 
 (quoting
 
 Carlile v. Game & Fresh Water Fish Comm’n,
 
 354 So.2d 362, 363-64 (Fla.1977)). Unless a recognized exception applies, the home venue privilege is absolute.
 
 Fla. Dep’t of Children & Families v. Sun-Sentinel, Inc.,
 
 865 So.2d 1278, 1288 (Fla.2004) (“[A] trial court
 
 must
 
 apply the home venue privilege unless one of the exceptions to the privilege is satisfied.”) (emphasis added);
 
 Dep’t of Agric. v. Middleton,
 
 24 So.3d 624, 627 (Fla. 2d DCA 2009);
 
 Lake County Boys Ranch v. Kearney,
 
 790 So.2d 602, 603 (Fla. 5th DCA 2001). “A trial court is ... bound to apply the privilege unless it determines that a recognized exception applies.”
 
 Middleton,
 
 24 So.3d at 627 (citing
 
 Sun-Sentinel, Inc., 865
 
 So.2d at 1288).
 

 The supreme court has recognized only four exceptions to the home venue privilege: (1) where the legislature has waived the privilege, (2) the “sword wielder” exception, (3) a suit against the governmental defendant as a joint tortfeasor, and (4) where a party petitions a trial court for access to public records.
 
 Sun-Sentinel, Inc.,
 
 865 So.2d at 1287-89. The state agency or subdivision bears the initial burden of proving its entitlement to the home venue privilege.
 
 Middleton,
 
 24 So.3d at 627 (citing
 
 Fish & Wildlife Conservation Comm’n v. Wilkinson,
 
 799 So.2d 258, 260 (Fla. 2d DCA 2001)). Thereafter, the burden shifts to the plaintiffs to prove that an exception to the home venue privilege applies.
 
 Id.
 

 Neither side in this case disputes that the counties and municipalities dismissed from the case are located outside Hillsborough County. Rather, Addison and Pettit argue that the home venue privilege does not apply because the unnamed non-Hillsborough defendant class members are not real “parties” in the case. Addison and Pettit contend that, because they are merely defendant class members, the non-Hillsborough defendant class members cannot raise the home venue privilege. While this is an interesting argument, we are bound by the current state of the law on home venue privilege: as noted, there are only four recognized exceptions to the home venue privilege, and this case does not fall under any of them. Furthermore, we have been unable to locate any Florida cases addressing the application of the home venue privilege in a defendant class action lawsuit against governmental entities. If a new exception to the home venue privilege is to be made applicable to a class action involving a defendant class composed of municipalities
 
 *745
 
 and counties, the supreme court or the legislature would be the appropriate bodies to create such a policy exception. However, given the time and effort spent by the parties and their novel and well-presented arguments, we nevertheless address some of the more intriguing arguments raised.
 

 There is no case law defining who is a “party5’ in a class action for purposes of the home venue privilege. In a different context, this court has referred to unnamed class members as “quasi-parties’5 because class members do not have all the rights and responsibilities of standard parties and are, thus, not treated like full parties.
 
 Amber Glades, Inc. v. Leisure Assocs. Ltd. P’ship,
 
 898 So.2d 620, 626 (Fla. 2d DCA 2005). For example, class members do not have the right to appeal certain orders and cannot be held liable for attorney’s fees.
 
 Id.; see also Meyer v. Scutieri,
 
 539 So.2d 602, 603 (Fla. 3d DCA 1989) (referring to class members as “non-parties”). However, contrary to the position advocated by Addison and Pettit, this court has never said that unnamed class members have absolutely no rights in a class action.
 

 Next, it is noteworthy that an unnamed class member can be considered a “party” for some purposes while not being a “party” for other purposes. For example, the United States Supreme Court has stated that unnamed class members are
 
 “parties
 
 to the proceedings in the sense of being bound by the settlement” and, therefore, are entitled to appeal the approval of a class settlement.
 
 Devlin v. Scardelletti,
 
 536 U.S. 1, 10, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (emphasis added). Similarly, in
 
 Iorio v. Allianz Life Insurance Co. of North Amenca,
 
 No. 05-CV-633-JLS(CAB), 2009 WL 3415703, at *4 (S.D.Cal. Oct. 21, 2009), the district court rejected the defendants’ argument that the plaintiff class members played no active role in the litigation and were “legal strangers” to the litigation. The court concluded that “the non-representative class members who received notice and did not opt out
 
 are
 
 parties to the litigation.”
 
 Id.
 
 at *5 (emphasis in original);
 
 see also Tenney v. City of Miami Beach,
 
 152 Fla. 126, 11 So.2d 188, 189 (1942) (stating that “those of the [plaintiff] class for whose benefit the suit is brought
 
 are in effect parties
 
 plaintiff’) (emphasis added);
 
 Litvak v. Scylla Props., LLC,
 
 946 So.2d 1165, 1173 (Fla. 1st DCA 2006) (“As nonnamed members of the class, [the unnamed class defendants]
 
 are indeed already parties
 
 to this class action lawsuit.”) (emphasis added);
 
 Hoechst Celanese Corp. v. Fry,
 
 693 So.2d 1003, 1007 (Fla. 3d DCA 1997) (noting that the “Fry Group members ... were potential
 
 party
 
 plaintiffs to the action below,
 
 if the Viera Group’s proposed class had ever been certified,
 
 but this never occurred”) (emphasis added);
 
 Costin v. Hargraves,
 
 283 So.2d 375, 377 (Fla. 1st DCA 1973) (“[T]he various class members are made
 
 parties
 
 to the litigation involuntarily and will be bound by whatever results may follow”) (emphasis added).
 
 [2]
 

 
 *746
 
 On the facts of this case, it is not legally possible to conclude that the defendant class members are not, in effect, “parties” to the litigation for purposes of asserting their home venue privilege, or that the trial court abused its discretion in finding the home venue privilege applicable. The complaint in this case seeks to (1) declare these defendant class members’ ordinances unconstitutional, (2) require these defendant class members to refund all occupational taxes paid by the named plaintiffs and the nonnamed plaintiff class members within the last four years, and (3) enjoin all defendant class members from enforcing their occupational tax ordinances. Common sense and due process concerns therefore dictate that these defendant class members should have the opportunity to assert their common law home venue privilege.
 

 Finally, we note that Addison and Pettit rely upon federal case law holding that venue in a class action is determined based only on the named parties and their claims.
 
 See, e.g., Appleton Elec. Co. v. Advance-United Expressways,
 
 494 F.2d 126, 140 (7th Cir.1973);
 
 United States v. Trucking Employers, Inc.,
 
 72 F.R.D. 98, 99-100 (D.D.C.1976). However, none of the cases relied upon by Addison and Pet-tit involved governmental defendant class members or their home venue privilege.
 

 We also note that federal law on the issue of venue as it relates to defendant class members is not completely settled. For example, in
 
 Sperberg v. Firestone Tire & Rubber Co.,
 
 61 F.R.D. 70, 71 (N.D.Ohio 1973), the plaintiff sued five companies individually and as class representatives in a patent infringement case. One of those five companies, Uniroyal, moved to be dismissed based on improper venue.
 
 Id.
 
 at 72. Uniroyal argued that the venue statute applicable to patent infringement cases, 28 U.S.C. § 1400(b), provided that venue was only proper (a) where the defendant resided or (b) where the defendant had “a regular and established place of business”
 
 and
 
 where it had committed the acts of infringement.
 
 Id.
 
 Uniroyal sought to be dismissed on venue grounds, arguing that neither statutory basis for venue applied to it.
 
 Id.
 
 As in this case, the plaintiff in
 
 Sperberg
 
 responded that class actions were treated differently for venue purposes.
 
 Id.
 
 The plaintiff also argued that even if Uniroyal were to be dismissed as a named class representative, it would still be an unnamed class member because Federal Rule of Civil Procedure 23 — the class action rule — trumped or enlarged the patent venue statute.
 
 Id.
 
 at 73. The district court disagreed: “If this Court holds that a nonrepresentative member of the class can be sued in the Northern District of Ohio, despite a lack of venue, this Court would be engaging in legislative enlargement of the patent venue statute[.]”
 
 Id.
 
 Therefore, if the plaintiff could not meet the requirements of the specific patent venue statute, Uniroyal was entitled to be dismissed from the case as an individual defendant, as a representative member of the class, and as a nonrepresentative member of the class.
 
 Id.
 
 at 74. Unlike
 
 Sper-berg,
 
 this case does not involve a particular venue statute. Nevertheless, the logic of
 
 *747
 

 Sperberg
 
 seems applicable to the home venue privilege, a privilege deeply rooted in common law.
 

 Based on the foregoing, we affirm the trial court’s order dismissing the non-Hills-borough defendant class members.
 

 WHATLEY and SILBERMAN, JJ., Concur.
 

 [1]
 

 . The only four class members headquartered in Hillsborough County are the City of Tampa, the City of Temple Terrace, Plant City, and Hillsborough County.
 

 [2]
 

 . We make three additional observations. Addison and Pettit stated at oral argument that, even if the non-Hillsborough defendant class members were to intervene in the case, they would be unable to assert the home venue privilege because an intervenor takes the case as it finds it. Therefore, their position is that by not individually naming the non-Hillsborough defendant class members and by not serving them with process, Addison and Pettit completely deprive those class members of the ability to assert the home venue privilege.
 

 Addison and Pettit have also taken the position that the defendant class members do not have the ability to "opt-out” of the defendant class. That argument, if ultimately correct, would distinguish this case from other cases where courts have rejected defendant class members' venue arguments because the de
 
 *746
 
 fendant class members had the ability to “opt out" of the class.
 
 See Appleton Elec. Co. v. Advance-United Expressways,
 
 494 F.2d 126, 140 & n. 28 (7th Cir.1973) (noting that the ability to “opt-out” satisfied "due process [requirements] to which the class action procedure is of course subject”). In this case, no such due process protections would be available if we were to accept Addison's and Pet-tit's arguments.
 

 It is clear that Addison and Pettit expect any judgment in this case to be binding on all defendant class members. Class actions are not designed to bind defendant class members by a judgment while simultaneously precluding them from having their interests heard.