Iain FRASER; Steve Trittschuh; Sean Bowers; Mark Semioli; Rhett Harty; David Scott Vaudreuil; Mark Dodd; and Mark Dougherty, Plaintiffs,

v.

MAJOR LEAGUE SOCCER, L.L.C.; Kraft Soccer, L.P.; Anschutz Soccer, Inc.; Team Columbus Soccer L.L.C.; Team Kansas City Soccer L.L.C.; Los Angeles Soccer Partners, L.P.; Empire Soccer Club, L.P.; Washington Soccer, L.P.; and United States Soccer Federation, Inc., Defendants.

Civ.A. No. 97–10342–GAO.

United States District Court,
D. Massachusetts.

Jan. 28, 1998.

**180**

Paul B. Galvani, Jane Willis, Ropes & Gray, Boston, MA, James W. Quinn, Weil, Gotshal & Manges, New York City, Richard A. Berthelsen, Washington, DC, Suja A. Thomas, Weil, Gotshal & Manges, L.L.P., New York City, for Iain Fraser, Steve Trittschuh, Paul Caliguiri, Sean Bowers, Mark Semiolo, Rhett Harty, David Scott Vaudreuil, Mark Dodd, Tim Martin, and Mark Dougherty.

Daniel S. Savrin, Daniel L. Goldberg, Bingham, Dana & Gould, Boston, MA, Michael A. Cardoza, L. Robert Batterman, Steven C. Krane, Walter Eliot Bard, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Major League Soccer, L.L.C., Robert Kraft, Philip F. Anschutz, Hunt Sports Investments, Los Angeles Soccer Partners, L.P., Metromedia Company, Washington Soccer, L.P., United States Soccer Federation, Inc., Kraft Soccer, L.P., Anschutz Soccer, Inc., Team Columbus Soccer, Team Kansas City Soccer, L.L.C., Empire Soccer Club, L.P.

### MEMORANDUM and ORDER

O'TOOLE, District Judge.

The plaintiffs Iain Fraser, Steve Trittschuh, Sean Bowers, Mark Semioli, Rhett Harty, David Scott Vaudreuil, Mark Dodd and Mark Dougherty (collectively, "class plaintiffs") have moved that their action be certified as a class action under Fed.R.Civ.P. 23 insofar as it seeks injunctive and declaratory relief.

### Background

Class plaintiffs brought this action against Major League Soccer ("MLS"), its individual teams, and the United States Soccer Federation, Inc. ("USSF") alleging various antitrust violations with regard to MLS's organization, including its Standard Player Agreement. The plaintiffs seek a declaration that certain MLS practices are unlawful under the Sherman Antitrust and Clayton Acts, and an injunction against these allegedly unlawful practices. In addition, the plaintiffs seek treble damages for violations of the antitrust laws, and a declaration that the licensing provisions of the MLS Standard Player Agreement constitute a contract of adhesion.

Plaintiffs seek class certification at this time for their injunctive and declaratory claims only, not for their prayers for damages.

### Discussion

In order to be certified, the class must meet the four prerequisites to the maintenance of a class action under Rule 23(a) of the Federal Rules of Civil Procedure: (1) "numerosity"—the class must be "so numerous that joinder of all members is impracticable"; (2) "commonality"—there must be "questions of law or fact common to the class"; (3) "typicality"—the claims or defenses of the class representatives must be "typical of the claims or defenses of the class"; and (4) "representativeness"—the class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a); *Griffin v. Burns*, 570 F.2d 1065, 1072 (1st Cir.1978).

■ The defendants do not dispute that, on the whole, the class meets the requirements of "numerosity," "typicality," and "commonality." The proposed class is clearly numerous—it consists of "all players who either have been, or are now, or will be under contract to play ("Division I") professional outdoor soccer for defendant Major League Soccer, L.L.C. on a MLS Member Team at any time from February 13, 1997 to the date of final judgment in this action and any appeal therefrom." There are currently approximately 200 MLS players. (Pls.' Mem.Supp. Injunctive. Class Certification Mot.) Joinder of all these players as individual plaintiffs would be impracticable.

■ As to the commonality requirement, the complaint alleges that defendants conspired among themselves in violation of the federal antitrust laws. Each member of the class has been or will be subject to the uniform agreements, rules and practices that allegedly restrain competition. "Antitrust price-fixing conspiracy cases, by their nature, deal with common legal and factual questions about the existence, scope and effect of the alleged conspiracy." *Cumberland Farms, Inc. v. Browning–Ferris Indus., Inc.*, 120 F.R.D. 642, 646 (E.D.Pa.1988). The antitrust liability issues are common to all members of

the class. In addition, the plaintiffs seek a common remedy—an injunction against the challenged practices.

■■■ Similarly, the plaintiffs satisfy the "typicality" requirement of Rule 23(a)(3) which requires that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (citations and internal quotation marks omitted). The claims of a class representative are "typical" when the representative's injuries arise from the same course of conduct as do the injuries that form the basis of the class claims. *Modell v. Eliot Sav. Bank,* 139 F.R.D. 17, 22 (D.Mass.1991). Here, the class plaintiffs and the unnamed class members raise claims which arise from a common course of conduct that affects all class members similarly. The defendants argue, with regard to Count II of the complaint, that the named plaintiffs' claims are not typical, because they have not suffered any injury. However, the claim is that the existence of the Fédération Internationale de Football Association (the "FIFA") rules requiring payment of a transfer fee violates the antitrust laws and serves to depress player salaries, regardless of whether or not such a fee is actually paid. This injury, if it should be proven, is "typical" of injuries suffered by class members. The putative class meets the typicality requirement.

■■■ The final prerequisite for class certification is that the representative parties will fairly and adequately protect the interests of the class. The focus of this inquiry is whether: (1) the class members have interests common with and not antagonistic to the members of the class; and (2) the class representatives and their counsel are "qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir.1985).

The defendants argue that there is deep division within the class as to whether plaintiffs should litigate this action or instead seek to negotiate with the defendants. Thus, they say, either class certification should be denied or a subclass of those who favor collective-bargaining over litigation should be formed. Certainly, the court has the authority to create such a subclass, or to deny certification completely, when deep divisions exist in the proposed class. However, there is a distinction between a case in which the division between the class plaintiffs and unnamed class members is central to the claims asserted by the class and a case in which the division is a result of disagreements over strategy. An example of the first category is a class complaint alleging both sex and race discrimination where the class includes men who may be the beneficiaries of the purported discrimination against women. In such a case, a court may either deny certification or create a distinct subclass. *See, e.g., Payne v. Travenol Labs. Inc.,* 673 F.2d 798, 812 (5th Cir.1982) (stating that "[o]rdinarily, if a court discerns a conflict [among named plaintiffs and absent members] the proper solution is to create subclasses of persons whose interests are in accord"); *Martinez v. Bechtel Corp.,* 1975 WL 274 (N.D.Cal. Nov. 18, 1975) (refusing to include both men and women in a class sought in a race and sex discrimination action).

On the other hand, where the asserted division between the named plaintiffs and unnamed class members is simply over a question of strategy rather than a conflict inherent in the structure of the class, denial of class certification has depended upon a strong showing that the disagreement was genuine and fundamental, and that a majority of the class members did not favor litigation. *See, e.g., Bailey v. Ryan Stevedoring Co.,* 528 F.2d 551, 553 (5th Cir.1976) (declining to certify class where named plaintiffs' goal to merge racially segregated unions was opposed by 204 of approximately 230 black union members who filed petition with court); *Davis v. Roadway Express, Inc.,* 1977 WL 850 (S.D.Tex. Apr. 27, 1977) (denying certification when 17 of 23 putative class members "affirmatively" demonstrated their "lack of desire to be associated" with the lawsuit).

Here, the defendants' evidence as to disagreement within the class does not demonstrate that a majority of class members oppose this suit. In fact, evidence of *any* opposition at all to this action is tenuous.

Because the evidence offered with regard to this issue has been designated by the parties as confidential, I will not discuss it in detail, except to note that it is not persuasive, and does not justify a denial of class certification at this time.

However, because results of this litigation will bind all class members, even those opposed to litigation, I will direct the plaintiffs to notify those members of the class whose identities and addresses are presently known, advising them of the court's decision certifying the class and informing them of their membership in the class. This order is pursuant to my discretionary authority under Rule 23(d)(2) which provides that the court may make an order "requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action."

If, as the litigation unfolds, it becomes apparent that a majority of class members are seriously and fundamentally opposed to the action, I would consider a motion for creation of a subclass at that time.

Once the Rule 23(a) prerequisites to a class action are met, a court must consider whether the class should be certified under Rule 23(b)(1) or 23(b)(2). Importantly, the plaintiffs at this time seek certification only of the claims for injunctive and declaratory relief. This is an appropriate limitation. *See Schreiber v. National Collegiate Athletic Ass'n,* 167 F.R.D. 169 (D.Kan.1996) (certifying class of coaches in an antitrust action for injunctive relief, but declining to certify damages class); *Guckenberger v. Boston Univ.,* 957 F.Supp. 306, 326 n. 17 (D.Mass.1997) (certifying a class only for injunctive and declaratory relief where plaintiffs indicated that they did not seek class certification for damages at that time). *See, also,* Fed. R.Civ.P. 23(c)(4)(A) (providing that "when appropriate an action may be brought or maintained as a class action with respect to particular issues").

In order for a mandatory injunctive class to be certified, either of the two following conditions must be met:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(1)(A)(B), (2).

Here, the antitrust counts seeking injunctive relief meet the requirements of Rule 23(b)(1), because a finding that some action by the defendants violated the antitrust laws "would as a practical matter be dispositive" to the other members of the class who were injured by the same antitrust violation. In addition, if individual players were to file separate actions seeking injunctive relief against MLS player restraints, there is a substantial risk of inconsistent or varying adjudications that could result in incompatible standards of conduct for the defendants. *See, e.g., White v. National Football League,* 822 F.Supp. 1389, 1408 (D.Minn.1993) (noting that because different courts have applied different standards when analyzing antitrust implications of horizontal restraints by sports leagues, there is a substantial risk of inconsistent adjudications of the same issue). Alternatively, this class clearly meets the requirements of Rule 23(b)(2) because it alleges that the defendants have conspired to restrict competition for plaintiffs' salaries, and thus have acted "on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Accordingly, the plaintiffs' motion for class certification is granted as to plaintiffs' claims for injunctive and declaratory relief.

For the reasons set forth above, it is

ORDERED that this action may be maintained as a class action under Fed.R.Civ.P. 23(b)(1) and/or 23(b)(2) as to plaintiffs' claim for injunctive relief, and a plaintiff class is hereby certified consisting of all players who either have been, or are now, or will be under contract to play ("Division I") professional outdoor soccer for defendant Major League Soccer, L.L.C. on an MLS Member Team at any time from February 13, 1997 to the date of final judgment in this action and any appeal therefrom. The named plaintiffs Iain Fraser, Steve Trittschuh, Sean Bowers, Mark Semioli, Rhett Harty, David Scott Vaudreuil, Mark Dodd, and Mark Dougherty are hereby designated as class representatives; and it is

FURTHER ORDERED that within 20 days of the date of this Order, plaintiffs' counsel shall submit for approval a proposed form of notice to be sent to all class members whose identities and addresses are presently known advising them of this order certifying the class and informing them of their membership in the class.