**Gerardine E. TILLEY, Plaintiff,**

v.

**THE TJX COMPANIES, INC. and Dennis East International, Inc., Defendants.**

No. 00–12623–NG.

United States District Court,
D. Massachusetts.

Jan. 3, 2003.

Sandra J. Staub, James C. Duda, Bulkley, Richardson & Gelinas, Springfield, MA, for plaintiff.

Jason C. Kravitz, Nixon Peabody LLP, David M. O'Connor, O'Connor & Associates, Boston, MA, for defendants.

## MEMORANDUM AND ORDER RE: DEFENDANT CLASS CERTIFICATION

GERTNER, District Judge.

In this action for copyright infringement, Plaintiff Gerardine E. Tilley ("Tilley") moves to certify a defendant class and to amend her Complaint accordingly. The simple facts of this case make it extraordinarily susceptible to a defendant class action. Ms. Tilley alleges that a single wholesaler infringed her copyright. Her allegations, if proven, extend to confer infringement liability on over 550 individual retailers. Many other courts have enforced Rule 23's clear design to permit certification of defendant classes in like situations. I will not reject this tradition and require Ms. Tilley to prosecute over 550 indi-

vidual copyright infringement cases that involve a single disputed product line.

For the reasons set forth below, Tilley's Motion to Certify Class Action [document # 17] and Motion to Amend Complaint [document # 16] are hereby **GRANTED**.

### I. *FACTS/PROCEDURAL HISTORY*

Plaintiff Tilley is a professional graphic artist. In November 1996, she published a wallpaper design entitled "Harbortown Border."[1] Tilley alleges here that Defendant Dennis East International, Inc. ("Dennis East") copied the Harbortown Border design and imported, promoted, and sold various home decor items bearing that design to retailers throughout the United States. Approximately 557 retailers, including Defendant The TJX Companies, Inc. ("TJX"), purchased the allegedly infringing items from Dennis East in varying numbers and resold them to retail customers across the country.

Tilley's suit originally stated claims for damages and injunctive relief against TJX and Dennis East only. However, at a status conference before this Court on December 5, 2001, when the parties raised the issue of the large number of retailers in receipt of Dennis East's allegedly infringing merchandise and the difficulty of bringing myriad suits against them—each for relatively small amounts of money—I suggested that Tilley consider moving for certification of a defendant class of retailers in order to facilitate resolution of the matter. That motion is before me now, with TJX as the named class representative. Tilley's claim against Dennis East, the importer, remains separate from her claim against the proposed class.

### II. *DISCUSSION*

#### A. *Legal Standard*

■ The two-stage inquiry set forth in Fed.R.Civ.P. 23 sets forth the same basic standards of class certification for a defendant class as for a plaintiff class. *See, e.g., Dale Electronics, Inc. v. R.C.L. Electronics, Inc.,* 53 F.R.D. 531 (D.N.H.1971);

---

**1.** The Register of Copyrights for the United States Copyright Office issued a Certification of Registration for Harbortown Border on September 10, 1999.

7A Wright, Miller & Kane, *Federal Practice & Procedure*, § 1770, at 395 (2002) (observing that Rule 23's language stating that a class may "sue or be sued" expressly authorizes defendant class actions). The proposed defendant class must meet all four prerequisites listed in Rule 23(a)—numerosity, commonality of questions of law or fact, typicality, and representativeness— and must fall into one of the three categories of class actions set out in Rule 23(b).[2]

### B. *Rule 23(a)*

■ The parties do not dispute that the proposed defendant class easily satisfies the first two requirements of Rule 23(a), numerosity of class members and commonality of issues. Tilley has compiled a list of some 557 businesses nationwide that traffic or have trafficked in the same allegedly infringing products traceable to Dennis East's importation. Defendant TJX does, however, dispute the other two requirements: typicality and adequacy of representation.

■ The typicality requirement generally precludes certification "of those cases where the legal theories of the named [parties] potentially conflict with those of the absentees." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir.1994). TJX contests the typicality requirement because most, if not all, of the potential class defendants are expected to cross-claim against Dennis East for breach of express and/or implied warranties and breach of express indemnification provisions. Each of these indemnity requests, according to TJX, will require "separate (1) conflict of laws analysis; (2) 'battle of the forms' analysis; and (3) implied warranty analysis."

■ It is not material to the typicality analysis that potential cross-claims for indemnification might raise different issues of law and fact. The proposed class is to defend claims brought by Tilley; the infringement claim that Tilley brings against TJX is typical as to the class of businesses that purchased products from the same source, Dennis East. The issue of indemnification is entirely separate, and to this point not raised in the pleadings. I have the authority under the Federal Rules to address the viability of certifying the retailers as an indemnifying class of plaintiffs when the question arises, and independently of what I decide here.[3] Fed.R.Civ.P. 23(c)(4) ("When appropriate an action may be brought or maintained as a class action with respect to particular issues . . . and the provisions of this rule shall then be construed and applied accordingly."); *see also, e.g., Fraser v. Major League Soccer, L.L.C.*, 180 F.R.D. 178, 182 (D.Mass.1998) (citing Rule 23(c)(4) and finding it "an appropriate limitation" to certify some claims but not others).

■ Rule 23(a)(4)'s adequacy of representation requirement turns on two showings: "(1) the absence of potential conflict between the named [representative] and the class members and (2) assurance of vigorous prosecution." *Grace v. Perception Tech. Corp.*, 128 F.R.D. 165, 170 (D.Mass.1989); *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 308–09 (D.Mass.1987). The adequacy of representation requirement recognizes that protecting the interests of absent class members is of paramount concern. *E.g., Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968); *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 482 (W.D.Mich.1994). Wright and Miller highlight Rule 23(a)'s adequacy of representation prong as a matter of concern for proposed defendant classes, as it is incumbent upon the representatives to "notify the class of the pendency of the action so that the collective resources of the group may be

---

**2.** It is worth noting further the Supreme Court's position that the certifying court has no "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Rather, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but [] whether the requirements of Rule 23 are met." *Id.* at 178, 94 S.Ct. 2140.

**3.** To the extent that divergences of fact require it, division of the defendant class into subclasses at the damages stage is also a possibility. *See, e.g., Ford v. City of Boston*, 154 F.Supp.2d 131, 135 (D.Mass.2001) (invoking Rule 23(c)(4)(B) to create subdivisions within a class based on class members' entitlement to damages).

used to defend the action." 7A Wright, Miller & Kane, *supra,* § 1770, at 399.

TJX contends that it cannot adequately represent the proposed defendant class because (1) its interests are in conflict with those of other proposed class members, and (2) its counsel, O'Connor & Associates, is a small firm, consisting of "one partner, five associate attorneys, four secretaries, one paralegal, and one summer law clerk," and does not feel that it has the experience or resources to represent a defendant class of 557 members. Moreover, TJX maintains that the potential for cross-claims against Dennis East raises an insoluble conflict of interest because, due to an indemnification agreement between TJX and Dennis East, O'Connor and Associates now represents both defendants.

Issues like these are unique to defendant classes, where the proposed representative party is the one resisting the class. TJX is quite right to suggest that its counsel's representation of Dennis East might compromise the zeal of its advocacy for the defendant class, thereby raising Rule 23(a)(4) concerns. But the problem does not inhere in the proposed *class,* but in the *joint representation.* Were the defendants' argument to prevail, defendants could thwart the Federal Rules' liberal joinder provisions simply by ensuring that all codefendants had the same counsel. The solution to the conflict of interest—if indeed there is one—would not be to refuse class certification, but to disqualify O'Connor & Associates from simultaneously representing the defendant class and Dennis East.[4]

Similarly, the resources of O'Connor & Associates do not strike me as sufficient grounds to deny class certification in this instance. Typically this issue arises in the plaintiff class context when the proposed class counsel is more than willing to represent the class and overestimates its abilities and resources. Here the rights of the proposed class defendants to vigorous and capable representation are no less significant, but

the problem strikes me as far from insoluble. In the event that O'Connor & Associates demonstrates itself to be incapable of representing the defendant class, this Court has broad discretion to select and appoint class counsel.

Tilley's petition for class certification meets all the prerequisites of Fed.R.Civ.P. 23(a). I now turn to the tougher issue—Rule 23(b).

### C. *Rule 23(b)*

Tilley's next task is to show that her proposed class fits one of the categories of acceptable class actions listed under Federal Rule 23(b).

 Rule 23(b)(3) provides for certification of a class in a suit for damages where the common issues binding the class members predominate and the class action presents a superior means of adjudicating the controversy. Fed.R.Civ.P. 23(b)(3). Though the present case appears ideal for certification under 23(b)(3), a class member has the right to opt out of a 23(b)(3) class. *Ticor Title Ins. Co. v. Brown,* 511 U.S. 117, 121, 114 S.Ct. 1359, 128 L.Ed.2d 33 (1994). Where, as here, a defendant class is proposed—that is, the class is to be certified at the behest of the party opposing the class— the opt-out provision renders class certification far less useful. *See Henson v. East Lincoln Township,* 814 F.2d 410, 413 (7th Cir.1987) (suggesting that the members in a 23(b)(3) defendant class will simply opt out).

Accordingly, I will consider three potential avenues for class certification here: Rule 23(b)(1)(A), Rule 23(b)(1)(B), and Rule 23(b)(2).

#### 1. *Rule 23(b)(1)(B)*

 I begin with Rule 23(b)(1)(B), as this is the type of class the plaintiff advocates certifying here. Rule 23(b)(1)(B) provides that a class may be certified where:

> the prosecution of separate actions by or against individual members of the class

---

4. Assuming that class certification is otherwise appropriate, Dennis East can either retain new counsel for itself, or, if O'Connor and Associates proves not to have the resources to represent the retailer class, Dennis East can retain new counsel for TJX pursuant to its indemnification and defense agreement.

would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

The "by or against" language clearly conveys the intention of the Rules Committee to permit defendant classes under this subsection. Taking that cue, at least one court in this circuit has certified a defendant class under Rule 23(b)(1)(B) in a patent infringement case. *Dale Electronics*, 53 F.R.D. 531, 537 (D.N.H.1971).

The defendants, however, argue that certification under Rule 23(b)(1)(B) is inappropriate here because the provision is designed to protect the interests of the *absent class members*—in this case the defendants, who oppose certification. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) ("Rule 23(b)(1)(B) speaks from a 'vantage point within the class, [from which the Advisory Committee] spied out situations where lawsuits conducted with individual members of the class would have the practical if not technical effect of concluding the interests of the other members as well, or of impairing the ability of the others to protect their own interests.' " (quoting Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure*, 81 Harv. L.Rev. 356, 388 (1967) (alterations in original))). The defendants also point out that the *Ortiz* court warned against potential Seventh Amendment and due process problems with certifying this kind of class, where the class action is mandatory in nature, opting-out is not allowed, and money damages are at stake. *Id.* at 845–47, 119 S.Ct. 2295 ("The inherent tension between representative suits and the day-in-court ideal is only magnified if applied to damages claims gathered in a mandatory class.").

Although I recognize the validity of the *Ortiz* Court's due process concerns, I disagree with the defendants' conclusion that a Rule 23(b)(1)(B) class is inappropriate here solely because the proposed class is a defendant class and the named defendants oppose

certification. The proposed class defendants might well prefer to litigate individually the infringement liability of their identical products. That strategy would give the defendants as a group multiple opportunities to court a favorable finding.

But that preference does not alter the fact that the proposed class falls absolutely within the letter of Rule 23(b)(1)(B). There is indeed a risk that a finding against TJX in the present case could, through *stare decisis*, result in the substantial impairment of subsequent defendants' efforts to defend cases against Tilley. The precedential weight of a finding of liability would be abnormally great in a case like this, where each defendant confronts liability for its sales from the same allegedly infringing product line, prepared by Dennis East. Admittedly, a defendant may not be estopped outright from litigating an issue others have lost, *Blonder–Tongue Labs., Inc. v. U. of Ill. Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), but the room for distinguishing a prior holding of the Dennis East product line's liability to Tilley in this case is surely narrow. The defendant class members are all at risk for selling identical products.

TJX is not correct in arguing that Rule 23(b)(1)(B) was intended to look after the interest of class members. But this does not mean that a proposed defendant class can defeat a certification bid under Rule 23(b)(1)(B) simply by resisting it. The *Dale Electronics* court found a defendant class to be certifiable under Rule 23(b)(1)(A) *or* (B), even where the named defendants opposed certification. *Dale Electronics*, 53 F.R.D. at 537 (holding that a defendant class was certifiable under Rule 23(b)(1)(A), (b)(1)(B), or (b)(2)). At issue is whether individualized adjudication runs a risk of substantial impairment of the interests of absent class members. That risk is clear on the facts before me.

I should also note that the Supreme Court's holding in *Ortiz* dealt with a settlement-only class where "the procedural protections built into the [class action] Rule to protect the rights of absent class members are never invoked in an adversarial setting." *Ortiz*, 527 U.S. at 847, 119 S.Ct. 2295. That

condition is eminently distinguishable from the facts before me here. Rule 23's ample notice provisions and its requirement of court approval for settlements and dismissals offer no less protection to defendant class members than they do plaintiffs.

### 2. *Rule 23(b)(1)(A)*

Rule 23(b)(1)(A) permits certification of a class under circumstances where individualized adjudication poses "a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Fed. R.Civ.P. 23(b)(1)(A). There is precedent here as well for the certification of defendant classes under this provision. *See, e.g., McFarland v. Memorex Corp.*, 96 F.R.D. 357, 366 (N.D.Cal.1982); *In re Itel*, 89 F.R.D. 104, 125 (N.D.Cal.1981).

TJX suggests that the "incompatible standards" language of Rule 23(b)(1)(A) precludes the certification of a defendant class here. The defendants rightly observe that it is not enough under the rule that case-by-case adjudication would result in inconsistent rulings—those adjudications must confer conflicting obligations on the party opposing the class. Here that party is the plaintiff, Tilley. Findings of liability in cases brought against some of the retailers, but not others, would indeed be troubling to Tilley for their inconsistency. But that inconsistency would have no direct bearing on her conduct. *See* Robert E. Holo, *Defendant Class Actions: The Failure of Rule 23 and a Proposed Solution*, 38 U.C.L.A. L.Rev. 223, 236 (1990) ("[I]nconsistent adjudications in defendant class actions almost never will establish incompatible standards of conduct for the plaintiff.").

It is not the case here that one defendant's victory and another's defeat will pull Tilley in different directions. Though the cases that certify defendant classes under Rule 23(b)(1)(A) rest on the possibility of inconsistent outcomes and take no notice of the further required showing of incompatible standards of conduct, *see* Holo, *supra* at 237 & n. 58 (citing *McFarland*, 96 F.R.D. at 366, and *Itel*, 89 F.R.D. at 123–25), the rule as I read it makes that element crucial. Individ-

ualized adjudication always risks inconsistent results—something more is necessary to warrant certification under Rule 23(b)(1)(A). Tilley did not herself press for certification under this provision, and I find Rule 23(b)(1)(A) an inappropriate ground for certifying the defendant class she proposed.

### 3. *Rule 23(b)(2)*

Rule 23(b)(2) authorizes a class action where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). A party's intention to seek damages does not foreclose certification under Rule 23(b)(2), as long as the final relief sought does not relate "exclusively or predominantly to monetary damages." *Markarian v. Ct. Mutual Life Ins. Co.*, 202 F.R.D. 60, 70 (D.Mass.2001) (quoting the 1966 Advisory Committee Note to Rule 23).

TJX again seeks refuge in the express language of the rule, which, despite the "sue or be sued" language in Rule 23(a), is inhospitable to defendant classes. Tilley alleges a common violation that under the law entitles her to injunctive relief against each defendant. *See* 17 U.S.C. § 502. But she may not take advantage of the Rule 23(b)(2)'s injunctive class provision, because on its face the rule only contemplates a situation where the "party opposing the class" has acted on grounds "generally applicable to the class." In other words, the rule by its terms seems to apply only to plaintiff classes. *See, e.g., Harik v. Ca. Teachers Ass'n*, 298 F.3d 863, 872–73 (9th Cir.2002) (affirming the district court's refusal to certify a defendant class under Rule 23(b)(2)); *Henson*, 814 F.2d at 413. The *Henson* court also noted, however, that 45 district court cases had certified defendant classes under Rule 23(b)(2). *Henson*, 814 F.2d at 413.

The Seventh Circuit in *Henson* observed that most circuit courts to address the permissibility of defendant class certification under 23(b)(2) have rejected it. *Id.* The district courts that have certified the classes have done so either without confronting the ques-

tion or with the justification of the class's utility in the instant case. *Id.* (quoting *Doss v. Long,* 93 F.R.D. 112, 119 (N.D.Ga.1981) ("[T]he courts are simply unwilling to deprive the plaintiff of this useful measure.")); *see also* Scott Douglas Miller, *Note, Certification of Defendant Classes under Rule 23(b)(2),* 84 Colum. L.Rev. 1371, 1375 (1984) ("Courts ... certifying defendant classes under subdivision (b)(2)[ ] have failed to examine carefully the rule's underpinnings. [They] have either ignored the rule's requirements or have mechanically applied its terms.").

The First Circuit has not considered this issue, and I am inclined to proceed on the assumption that the Rules Committee did not intentionally draft the Rule to exclude defendant classes. There is ample historical evidence to suggest that this is true. *See, e.g.,* Miller, *supra,* at 1380–83 ("Defendant classes appeared as often as plaintiff classes in early English equity courts.... Rule 23's architects ... referred to the English equity device as the foundation of the modern class action." (citations omitted)). Notwithstanding the strictures of the Rule's phrasing, I think it fair to take the well-trodden path to certification here. Each member of the proposed class is accused of the same act of infringement and would be subject to injunctive relief on terms identical to the others.

█ It only remains to consider whether the compensatory relief sought "predominates" over the equitable remedy of an injunction. Unless it is "readily apparent" that the lawsuit is brought for monetary damages rather than equitable relief, certification under Rule 23(b)(2) is appropriate. *Markarian,* 202 F.R.D. at 70–71. Courts in this circuit have suggested that the damages sought must be "incidental" to the bid for injunctive relief, that is, they must "flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." *Bond v. Fleet Bank, N.A.,* 2002 WL 31500393, at *8 (D.R.I. Oct. 10, 2002) (quoting *Ramirez v. DeCoster,* 194 F.R.D. 348, 352 (D.Me.2000) (internal quotation marks omitted) (emphasis in original)).

If she proves her claims, Tilley is certainly entitled to both damages and injunctive relief under the law. Though it is reasonable to suggest that the damages Tilley seeks flow directly from the conduct she would have enjoined, damages are far from an afterthought in this lawsuit.

As I have already found the class certifiable for damages under Rule 23(b)(1)(A), my determination under Rule 23(b)(2) is made in the alternative at any rate.

One strategy described in the case law is to certify a 23(b)(2) class exclusively for litigation of liability and injunctive relief, deferring the question of the appropriate vehicle for the litigation of damages. *E.g., Ryan v. Carl Corp.,* 1999 WL 16320, at *11–12 (N.D.Cal. Jan. 13, 1999) (granting certification of a plaintiff class on liability and injunctive relief in a copyright case and postponing damages adjudication to a second phase of litigation). This cautious approach makes a great deal of sense here. Accordingly, as described above, the proposed defendant class is certified for damages and equitable relief under Rule 23(b)(1)(A), and in the alternative Tilley may proceed against the same defendant class under Rule 23(b)(2), but for injunctive relief only.

### III. *CONCLUSION*

For the foregoing reasons, Tilley's Motion to Certify Class Action [document # 17] and Motion to Amend Complaint [document # 16] are hereby **GRANTED.**

**SO ORDERED.**