# United States Court of Appeals
## For the First Circuit

No. 03-8001

GERARDINE E. TILLEY,

Plaintiff, Respondent,

v.

TJX COMPANIES, INC. AND DENNIS EAST INTERNATIONAL, INC.,

Defendants, Petitioners.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Howard, Circuit Judge.

Joseph C. Abate, with whom David M. O'Connor and O'Connor & Associates were on brief, for appellants.
Sandra J. Staub, with whom James C. Duda and Bulkley, Richardson and Gelinas, LLP were on brief, for appellee.

October 2, 2003

**SELYA**, **Circuit Judge**.  A recent amendment to the Civil Rules permits courts of appeals, in their discretion, to entertain interlocutory appeals from orders granting or denying class certification.  See Fed. R. Civ. P. 23(f).  To this point, no court has addressed the criteria that should guide the exercise of discretion in permitting (or declining to permit) interlocutory appeals with respect to underlined defendant classes.  This petition for leave to appeal from a class certification order requires us to plunge into that abyss.

We approach this task by reshaping the criteria that we have established for allowing interlocutory appeals in cases involving plaintiff classes.  See Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 293-94 (1st Cir. 2000).  After formulating the criteria that will pertain to interlocutory appeals involving defendant classes, we apply them here and grant the instant petition.

That brings us to the merits of the class certification order.  The district court advanced two bases for certifying a class.  See Tilley v. TJX Cos., 212 F.R.D. 43, 50 (D. Mass. 2003).[1]  Upon close perscrutation, we reject both grounds.  Specifically, we

---

[1]The district court amended this opinion in a supplemental memorandum issued on January 13, 2003.  This memorandum is unpublished and its contents are not reflected in the relevant F.R.D. volume.  Its principal purpose was to correct a typographical error in the original order and make clear that the district court intended to certify the class under Rule 23(b)(1)(B), not Rule 23(b)(1)(A).

conclude that the district court (i) erred as a matter of law in employing Rule 23(b)(2) as a vehicle for certifying a defendant class, and (ii) abused its discretion in determining that the possibility of stare decisis, standing alone, was a sufficient justification for class certification under Rule 23(b)(1)(B). Consequently, we vacate the class certification order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The factual predicate of this case is fairly straightforward. Gerardine E. Tilley is a graphic artist who created and published a wallpaper design entitled "Harbortown Border." She obtained a copyright for the design on September 10, 1999. See 17 U.S.C. § 408. On December 26, 2000, she brought suit in federal district court against the petitioners, Dennis East International, Inc., and TJX Companies, Inc. for damages and injunctive relief. Her complaint alleged that Dennis East, an importer, copied her design without leave and then advertised and sold home decor items bearing the replica to approximately 557 retailers throughout the United States (including TJX).

In time, Tilley moved for certification of a defendant (retailer) class. The district court certified the proposed class under Fed. R. Civ. P. 23(b)(1)(B) for both damages and equitable relief, and, in the alternative, under Fed. R. Civ. P. 23(b)(2) for

injunctive relief only. Tilley, 212 F.R.D. at 50. In the process, the court designated TJX as the class representative. Id. at 45.

The petitioners timely sought leave from this court to appeal the class certification order pursuant to Rule 23(f). Drawing upon the standards articulated in Mowbray, 208 F.3d at 293-94, they argued that the certification order warranted immediate review because it raised important and unsettled issues of law, including (i) the appropriateness of certifying a defendant class under Rule 23(b)(2), (ii) the appropriateness of class certification under Rule 23(b)(1)(B) based solely on the possibility that the litigation could have a stare decisis effect on subsequent actions, and (iii) the constitutionality, vis-à-vis absent class members, of certifying a mandatory defendant class in an action that includes claims for money damages. The petitioners also argued for immediate review on the theory that class certification had so raised the ante that they faced irresistible pressure to settle.

Motivated in part by the unresolved issue of whether the Mowbray criteria apply to petitions seeking interlocutory review of orders certifying defendant classes, we directed the parties to brief both the Rule 23(f) issues and the merits. We heard oral argument on September 10, 2003, and took the matter under advisement.

## II.  LEAVE TO APPEAL

We begin with the threshold question of whether to entertain the appeal on an interlocutory basis.  In mounting this inquiry, we regard the interests and circumstances of Dennis East as only marginally relevant.  Dennis East is not a member of the proposed class, and the class certification order has no direct effect on Tilley's claim against it (which remains separate and distinct from her claim against the class).  See Tilley, 212 F.R.D. at 45.  Given these facts, Dennis East — as its counsel conceded at oral argument in this court — lacks standing to challenge class certification.  Cf. Dopp v. HTP Corp., 947 F.2d 506, 512 (1st Cir. 1991) (explaining that when an order is aimed specifically at others, the fact that it "has an indirect or incidental effect" on the putative appellant does not confer standing to appeal); Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1214 (9th Cir. 1987) (holding that a defendant may not appeal the dismissal of claims against a codefendant because it is not a party to those claims; "[a]n indirect financial stake in another party's claims is insufficient to create standing on appeal").

Nevertheless, Dennis East's lack of standing does not frustrate the joint petition:  TJX — a party with impeccable standing to appeal the class certification order — is itself a petitioner.  So long as one petitioner has standing, the proceeding may go forward without any consideration of the standing of co-

petitioners.  See Watt v. Energy Action Educ. Found., 454 U.S. 151, 160 (1981); Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264 & n.9 (1977); Buckley v. Valeo, 424 U.S. 1, 12 (1976) (per curiam).

Having cleared that hurdle, we move to a determination of what criteria govern the granting of Rule 23(f) petitions for interlocutory review of orders certifying (or refusing to certify) defendant classes.  In Mowbray, this court described three categories of cases in which interlocutory review of certification orders anent plaintiff classes would be appropriate:

> First, an appeal ordinarily should be permitted when a denial of class status effectively ends the case (because, say, the named plaintiff's claim is not of a sufficient magnitude to warrant the costs of stand-alone litigation).  Second, an appeal ordinarily should be permitted when the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle.  Third, an appeal ordinarily should be permitted when it will lead to clarification of a fundamental issue of law.

208 F.3d at 293-94.  In addition, we left room for the possibility that special circumstances or the need to avoid manifest injustice might expand this list.  Id. at 294.

Defendant classes are a relatively rare breed, and no court of appeals has had the opportunity to consider whether the same set of standards should apply to petitions for leave to appeal orders certifying (or refusing to certify) defendant classes.

-6-

Structurally, there are arguments to be made on both sides of this question. On the one hand, Rule 23 generally treats plaintiff and defendant classes the same: it authorizes class members to sue or be sued as representative parties; it requires class actions to satisfy the four prerequisites of numerosity, commonality, typicality, and adequate representation regardless of whether the action involves a plaintiff class or a defendant class; and it conditions all certifications on the class's ability to come within one of the niches carved out by Rule 23(b). This equality of treatment arguably favors use of the same criteria for permitting interlocutory review of all class certification decisions.

On the other hand, defendant classes possess some salient features that distinguish them from plaintiff classes. For one thing, a plaintiff who initiates a suit aimed at the certification of a defendant class has a clear incentive to select a weak adversary — as that adversary likely will be chosen to represent the defendant class. For another thing, courts have found the due process interests of absent members of defendant classes deserving of special solicitude. See, e.g., Pabst Brewing Co. v. Corrao, 161 F.3d 434, 439 (7th Cir. 1998); see also 2 Alba Conte & Herbert B. Newberg, Newberg On Class Actions § 4:48, at 344-45 (4th ed. 2002). It is these particularities that prevent us from mechanically applying the Mowbray criteria to appeals involving defendant classes. Instead, we test those criteria to determine whether they

should be retained, retained with modifications, or discarded in dealing with defendant classes.

In our judgment, the logic underlying the first Mowbray criterion — that it is appropriate to exercise appellate jurisdiction when a denial of class status effectively ends the case because, say, the cost of stand-alone litigation far outweighs the value of the plaintiff's individual claim — lends itself to defendant classes as well. When a defendant class is involved, interlocutory review is warranted if certification has been denied and the plaintiff's claim would only be worth pursuing as against the class. This may occur, for example, when the aggregate value of the plaintiff's claims against all potential defendants justifies a single class action, but the distilled value of claims against individual defendants does not justify the cost of separate actions.[2]

Skipping over the second Mowbray criterion for a moment, it is readily evident that the third criterion — that an interlocutory appeal may be allowed when it will lead to the resolution of fundamental and unsettled issues of law — can be transplanted root and branch for use in actions involving defendant classes. That the proposed class comprises defendants rather than

_____

[2]We note here, as we did in Mowbray, 208 F.3d at 293, that petitioners who seek to fit within the contours of this category also must demonstrate some significant weakness in the certification decision.

-8-

plaintiffs does not lessen the desirability of clarifying significant legal issues that might otherwise escape effective end-of-case review. In much the same vein, reserving the right to grant leave to appeal when special circumstances exist or the prospect of manifest injustice looms, see Mowbray, 208 F.3d at 294, is equally appropriate in cases involving defendant classes.

We now return to the more unwieldy transplantation of the second Mowbray criterion. With regard to plaintiff classes, we explained that "an appeal ordinarily should be permitted when the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle." Id. at 293. It seems clear, however, that when the spotlight shines on a defendant class, this category loses much of its luster. Unlike an action involving a plaintiff class (in which the defendant's potential liability increases dramatically upon the granting of class certification), the named defendant's individual liability generally remains constant in a class action involving a defendant class. Moreover, after certification of a defendant class, the original defendant — whose predicament presumably will be representative of the class, see Fed. R. Civ. P. 23(a)(3) — will face the same claims and mount the same defenses as in an individual suit. Indeed, the defendant may incur reduced costs if certification prompts class members to help fund a common defense.

We do not mean to close the door completely on the utility of <u>Mowbray</u>'s second criterion in actions involving defendant classes. In the unlikely event that certification places inexorable settlement pressure on a particular class of defendants, the special circumstances/manifest injustice exception is sufficiently flexible to afford relief. In the case at hand, however, no such showing has been made.

To be sure, the petitioners argue that the certification order places pressure on them to settle in two ways: (i) it exposes Dennis East to indemnity and breach of warranty claims expected to be brought by each of the retailers, and (ii) it risks increasing litigation expenses to the point that defense costs would exceed the sum of Dennis East's assets and available insurance. What the petitioners fail to explain, however, is why Dennis East is a relevant party in this analysis. As noted above, Dennis East is not a member of the class certified by the district court, and the court designated TJX, not Dennis East, as the class representative. The plaintiff's claim against Dennis East remains separate from her claim against the class, and, accordingly, any increased pressure that Dennis East might face is inconsequential.

To recapitulate, interlocutory appeals of class certification orders in cases involving defendant classes are warranted when one of three circumstances exists: (i) denial of certification effectively disposes of the litigation because the

plaintiff's claim would only be worth pursuing as against a full class of defendants; or (ii) an interlocutory appeal would clarify an important and unsettled legal issue that would likely escape effective end-of-case review; or (iii) an interlocutory appeal is a desirable vehicle either for addressing special circumstances or for avoiding manifest injustice. We remind those who seek interlocutory review pursuant to the first criterion limned above that such petitioners also must demonstrate that the district court's ruling on class certification is problematic. See supra note 2.

The circumstances here are special (and, thus, satisfy the test). Entertaining an appeal here and now will clarify important and unsettled legal issues. What is more, the parties, at our invitation, have fully briefed the merits, and postponing a decision would be wasteful. Accordingly, we grant the petition for leave to appeal and proceed to the merits.

## III. THE MERITS

We review orders granting or denying class certification for abuse of discretion. Mowbray, 208 F.3d at 295. An abuse of discretion occurs when a district court adopts an incorrect legal rule, relies upon an improper factor in making a discretionary decision, neglects a significant factor relevant to that decision, or considers only the proper factors but makes a clear error of judgment in weighing them. Id.

-11-

## A.  <u>Defendant Classes Under Rule 23(b)(2)</u>.

This appeal presents us with the occasion to address, for the first time, whether Rule 23(b)(2) contemplates the certification of defendant classes.  The petitioners argue that defendant class actions lie outside the purview of that provision. In general, we agree.[3]

> Rule 23(b)(2) provides for class certification when
>
> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed. R. Civ. P. 23(b)(2).  This language is quite clear:  "the party opposing the class" means the opposing party in the litigation.[4]  In ordinary circumstances, it will be the defendant — the alleged wrongdoer — who "has acted or refused to act on grounds generally applicable to the class," thereby making certification of a <u>plaintiff</u> class appropriate.  In cases involving garden-variety defendant classes, there will be no single act or refusal to act on the part of the plaintiff (the party opposing the

---

[3]We say "in general" because one can envision strange cases in which a defendant class might fit within the literal contours of Rule 23(b)(2).  <u>See</u>, <u>e.g.</u>, <u>Henson</u> v. <u>E. Lincoln Township</u>, 814 F.2d 410, 414 (7th Cir. 1987) (discussing the possibility of a reverse declaratory action).

[4]Any argument that this phrase means "the party challenging class certification" is hopeless.  <u>See</u> Fed. R. Civ. P. 23(b)(2) advisory committee's note; <u>see</u> <u>also</u> 7A Charles A. Wright et al., Federal Practice and Procedure § 1775, at 449 (2d ed. 1986 & Supp. 2003).

class) that makes injunctive or declaratory relief appropriate. Rather, it will be the defendants — the members of the putative class — who allegedly have acted in the same tortious or unlawful way (here, by selling infringing articles). The language of Rule 23(b)(2) leaves no room for such a circumstance to ground certification of a defendant class. For this reason, defendant classes generally lie outside the contemplation of Rule 23(b)(2).

We need not rely solely on direct textual support for this interpretation. Three other sources fortify our position. First, the drafting history of Rule 23(b)(2) makes no reference to defendant classes, using only examples involving plaintiff classes to illustrate how the rule is designed to operate. See Fed. R. Civ. P. 23(b)(2) advisory committee's note. Second, most of the major treatises agree that the language of the rule is clear and that "the better view is to restrict its applicability to plaintiff classes seeking injunctive relief." 7A Charles A. Wright et al., Federal Practice and Procedure § 1775, at 462 (2d ed. 1986 & Supp. 2003); accord 5 James Wm. Moore et al., Moore's Federal Practice § 23.43[5], at 23-199 (3d ed. 2003).[5] Last — but far from least — the courts of appeals that actually have discussed the

---

[5]One respected commentator is ambivalent on the point. See 2 Newberg on Class Actions, supra § 4:46, at 337, § 4:66, at 400 (first observing that the language of Rule 23(b)(2) "appears to be inconsistent with, or severely limiting in its application for potential defendant classes," but later appealing to the utility of the provision to provide justification for the practice).

applicability of Rule 23(b)(2) to defendant classes share this view. See Henson v. E. Lincoln Township, 814 F.2d 410, 413-16 (7th Cir. 1987); Thompson v. Bd. of Educ., 709 F.2d 1200, 1204 (6th Cir. 1983); Paxman v. Campbell, 612 F.2d 848, 854 (4th Cir. 1980) (per curiam); see also Greenhouse v. Greco, 617 F.2d 408, 413 n.6 (5th Cir. 1980) (suggesting in dictum that Rule 23(b)(2) is "not an appropriate basis for the certification of a defendant class").[6]

Tilley attempts to parry this thrust by reliance on the decision in Marcera v. Chinlund, 595 F.2d 1231 (2d Cir. 1979), vacated on other grounds sub nom. Lombard v. Marcera, 442 U.S. 915 (1979), in which the Second Circuit approved without discussion the certification of a defendant class under Rule 23(b)(2). But the Marcera court's decision rested on thin support: a case decided under the pre-1966 version of Rule 23 and without any mention of Rule 23(b)(2); a district court decision that relegated its summary discussion of this matter to a footnote; and two student-authored law review notes (one of which concludes that Rule 23(b)(2) cannot be used as a vehicle for certifying a defendant class). See id. at 1238 (citing, inter alia, 9 Val. U. L. Rev. 357, 391 & n.128 (1975)). Perhaps more importantly, the case is easily

---

[6]The Supreme Court has not spoken to the point. In Zablocki v. Redhail, 434 U.S. 374, 380 n.6 (1978), the Court noted that the appellant had not appealed the district court's certification of a defendant class under Rule 23(b)(2), but took no position on the issue. A decade later, the Court granted certiorari in Henson, 484 U.S. 923 (1987), but the parties subsequently settled and certiorari was dismissed, 506 U.S. 1042 (1993).

distinguishable. The conclusion that Rule 23(b)(2) was "an appropriate vehicle" for certification of a defendant class was limited to suits "for injunctive relief against a class of local public officials." Id. (emphasis supplied). Whether or not such a class fits within the contours of the rule — a matter on which we take no view — the class in this case is not so composed. We hold, therefore, that the district court erred in certifying a defendant class under Rule 23(b)(2).

## B.  **Stare Decisis**.

We now turn to the district court's decision to certify a class under Rule 23(b)(1)(B). This too presents an unsettled legal issue; the district court rested its ruling squarely on a perceived stare decisis effect, Tilley, 212 F.R.D. at 48, and we have not yet spoken to the appropriate role of stare decisis in this context. Moreover, the pertinent trial court decisions in this circuit are both scarce and dissonant. Compare, e.g., Mertens v. Abbott Labs., 99 F.R.D. 38, 40 (D.N.H. 1983) (declining to certify a plaintiff class under Rule 23(b)(1)(B) because the only impact of a non-class case would be to create a stare decisis effect), with, e.g., Dale Electronics, Inc. v. R. C. L. Electronics, Inc., 53 F.R.D. 531, 537 (D.N.H. 1971) (concluding that the effect of stare decisis on absent class members was a sufficient justification for certifying a defendant class under Rule 23(b)(1)(B)). We hold, contrary to the court below, that the

-15-

anticipated effect of stare decisis on subsequent cases brought by absent class members, without more, is an insufficient justification for class certification under Rule 23(b)(1)(B).

> Rule 23(b)(1)(B) permits class certification when
>
>> the prosecution of separate actions by or against individual members of the class would create a risk of . . . adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(B). The rule's "by or against" language makes pellucid its universal applicability, so the difficulty here is not the appropriateness of applying the provision in actions involving defendant classes. Rather, the quandary concerns whether the mere possibility that the precedential effect of an individual suit will influence the outcome of later actions renders that suit, in the language of the rule, "as a practical matter[,] dispositive of the interests of the other members not parties to the adjudications. . . ." Our negative answer to this question applies with equal force to both plaintiff and defendant class actions.

The petitioners focus on the rule's obvious concern for the interests of absent class members and argue that its use is inappropriate in the instant case because the absent class members are defendants who oppose certification. If anything serves to impede the absent class members' ability to protect their

-16-

interests, it is the forced grouping of defendants dictated by the certification order and not the possibility of stare decisis.

The district court rejected this argument. It explained that the defendants' preference for individual litigation "does not alter the fact that the proposed class falls absolutely within the letter of Rule 23(b)(1)(B)." Tilley, 212 F.R.D. at 48. In the court's view, the rule applies because "each defendant confronts liability for its sales from the same allegedly infringing product line," and, therefore, "[t]here is indeed a risk that a finding against TJX in the present case could, through stare decisis, result in the substantial impairment of subsequent defendants' efforts to defend cases against Tilley." Id. Although it conceded that "a defendant may not be estopped outright from litigating an issue others have lost," id. (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 329 (1971)), the district court nonetheless concluded that the difficulty absent class members would face in distinguishing their own conduct from TJX's conduct made Rule 23(b)(1)(B) certification appropriate.

This line of reasoning proves too much: taken literally, it would render the other categories under Rule 23(b) superfluous. For any case to qualify for class action treatment, there must exist "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and the presence of these common questions will necessarily mean that an individual adjudication would have some

-17-

precedential value with respect to subsequent litigation. Because the structure of Rule 23 makes very clear that subsection (b)(1)(B) was not intended to swallow the other three routes to certification spelled out in Rule 23(b), we conclude that the effect of stare decisis, standing alone, will not justify class certification under Rule 23(b)(1)(B).

We reach this decision mindful of the district court's reliance on Dale Electronics. In Dale Electronics, a district court certified a defendant class of alleged patent infringers under Rule 23(b)(1)(B) because of its fear that the outcome in one case would "be given some weight" by other district courts in subsequent cases against other alleged infringers. 53 F.R.D. at 537. But the Dale Electronics court narrowly limited class certification to the issue of patent invalidity, and even then the court recognized that it was "venturing into what is mainly unchartered waters" with "the possibility that a higher court [would] determine that the class action device was not intended for such a voyage." Id. We agree with the Eleventh Circuit that a rule like the one in Dale Electronics "would enable any action, with the possibility that it might be one of multiple actions, to be certified pursuant to Rule 23(b)(1)(B)." In re Dennis Greenman Sec. Litig., 829 F.2d 1539, 1546 (11th Cir. 1987). Because of this "flood gate" phenomenon, common sense suggests that class certification based solely on the prospect of a stare decisis

-18-

effect is improper. The vast majority of courts confronted with the question have so ruled. See In re Catawba Indian Tribe, 973 F.2d 1133, 1137-38 & n.4 (4th Cir. 1992); In re Dennis Greenman Sec. Litig., 829 F.2d at 1546; La Mar v. H & B Novelty & Loan Co., 489 F.2d 461, 466-67 (9th Cir. 1973); Eliasen v. Green Bay & W. R.R. Co., 93 F.R.D. 408, 412 (E.D. Wis. 1982), aff'd, 705 F.2d 461 (7th Cir. 1983) (table); Landau v. Chase Manhattan Bank, 367 F. Supp. 992, 998 (S.D.N.Y. 1973); see also Larionoff v. United States, 533 F.2d 1167, 1181 n.36 (D.C. Cir. 1976) (suggesting that the district court's Rule 23(b)(1)(B) certification based on anticipated stare decisis consequences was improvident), aff'd on other grounds, 431 U.S. 864 (1977); see generally 7A Federal Practice and Procedure, supra § 1774, at 437-39 (noting that some practical effect greater than stare decisis must be shown). But see First Fed. of Mich. v. Barrow, 878 F.2d 912, 920 (6th Cir. 1989) (citing, with apparent approval, a district court's decision to certify a class under Rule 23(b)(1)(B) based on the prospect of stare decisis). We adopt the majority view and hold that the certification of a class under Rule 23(b)(1)(B) cannot rest solely on an anticipated stare decisis effect.

That is not to say that the potential impact of stare decisis is wholly immaterial to class certification under Rule 23(b)(1)(B). The rule is concerned with suits that would "substantially impair or impede" the ability of absent class

-19-

members to protect their interests in subsequent cases. Although stare decisis does not qualify as an effect that, in and of itself, would cause a substantial impairment or impediment, it is conceivable that stare decisis, in combination with other factors, might support a finding that a substantial impairment or impediment looms. See, e.g., In re Phar-Mor, Inc. Sec. Litig., 875 F. Supp. 277, 280 (W.D. Pa. 1994) (certifying a defendant class of accounting partners under a theory of precedent-plus because one partner's admissions could be introduced against other partners in subsequent cases); see also 2 Newberg on Class Actions, supra § 4:10, at 53 ("While precedent alone will not usually permit certification under Rule 23(b)(1)(B), precedent plus some other practical factor, such as marketplace sensitivity to the result of an individual suit for a declaration of patent validity or patent infringement, should be sufficient to qualify for a Rule 23(b)(1)(B) class.").[7]

Although "stare decisis plus" may, in certain circumstances, provide an adequate basis for class certification under Rule 23(b)(1)(B), the district court's findings, to this point, do not bring that concept into play. The court afforded no rationale for Rule 23(b)(1)(B) certification apart from its finding

---

[7]There is, of course, a difference between stare decisis and issue preclusion. A realistic prospect of the latter may afford a cognizable basis for a finding of substantial impairment. See, e.g., Washington v. Aircap Indus., 831 F. Supp. 1292, 1294 (D.S.C. 1993).

-20-

that stare decisis might impair absent retailers' efforts to defend against Tilley's onslaught. See Tilley, 212 F.R.D. at 48. Because the district court did not identify any other factor counseling in favor of a finding of substantial impairment or impediment, we must vacate its class certification order.

That said, we remain mindful that the district court hinted at other (unelucidated) bases for an impairment of rights. See id. (mentioning, but not explicating, "a risk of substantial impairment of the interests of absent class members"). We are also cognizant of the idiosyncratic circumstances that would seem in some ways to make class certification an attractive device in cases such as Tilley's (in which a single copyright holder seeks to prevent continued infringement on the part of many defendants who sell identical articles). We therefore leave the district court free, on remand, to explore whether some suitable basis for class certification in fact exists.

## IV. CONCLUSION

We need go no further.[8] For the foregoing reasons, we grant the petition for leave to file an interlocutory appeal,

---

[8]Because the class certification order must be vacated, we find it unnecessary to decide other vexing issues raised by the petitioners concerning (i) the appropriateness of using Rule 23(b)(2) to certify a class in an action brought for money damages as well as injunctive relief; and (ii) whether certifying a mandatory defendant class (under either Rule 23(b)(2) or Rule 23(b)(1)(B)) in an action that includes claims for money damages violates the due process and Seventh Amendment rights of absent class members.

vacate the class certification order, and remand the case for further proceedings consistent with this opinion.  We take no view as to whether a defendant class may be certified for a different set of reasons or under a different provision of Rule 23(b).  <u>Cf. Mowbray</u>, 208 F.3d at 294 (suggesting that appellate courts should err on the side of allowing the district courts an opportunity to fine-tune their class certification decisions).

**<u>The petition for leave to appeal is granted</u>.  <u>The class certification order is vacated</u>.  <u>The case is remanded to the district court</u>.  <u>Costs are to be taxed in favor of the petitioners</u>.**